PEOPLE v. HARRIS.

*(Supreme Court, General Term, Fifth Department.   June 2, 1891.)*

HUSBAND AND WIFE—ABANDONMENT OF WIFE—PROSECUTION.

Defendant was convicted of being a disorderly person, under Code Crim. Proc. N. Y. § 899, in abandoning his family without providing means for their support.  His chief defense to the prosecution was the fact that he had written a letter to his wife stating that he would support her, and furnish her transportation to the place where he was at work.  *Held,* that it was a question for the magistrate whether the letter was written in good faith, or with the view of bringing himself within the rule that a *bona fide* offer to support the wife, in a place other than that of her then residence, was a sufficient defense to the charge of abandonment; and, the letter being silent as to the name of the place where defendant was at work, the evidence was properly *held* insufficient to sustain the defense.

Appeal from court of sessions, Cattaraugus county.

Charles S. Harris was charged with being a disorderly person, under Code Crim. Proc. N. Y. § 899, and from a judgment of the sessions of Cattaraugus county, affirming a judgment of the justice of the peace, convicting him thereof, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*George W. Cole,* for appellant.   *J. H. Waring,* for the People.

MACOMBER, J.   Upon proceedings properly instituted before a magistrate in the town of Salamanca, the defendant was convicted as a disorderly person, within the definition of subdivision 1 of section 899 of the Code of Criminal Procedure, which is as follows: "The following are disorderly persons: (1) Persons who actually abandon their wives or children, without adequate support, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them according to their means."   The defendant was required, in pursuance of section 901 of the same Code, to give security by a written undertaking with one or more sureties, approved by the magistrate, to the effect that he would support his wife and child, and indemnify the county and town against becoming within one year a charge upon the public. The main defense urged before the county court, and before us, is that there was no evidence showing that the defendant had abandoned his family; but that, on the contrary, as it is urged, he had offered to support them, and provide for them a home of his own seeking, according to his means.   This evidence consisted mainly of a letter written by the defendant, in his own behalf, to his wife, to the effect that he would support his wife and child, and furnish them transportation to the point where he was then at work.   As the learned county judge remarks, the letter is silent as to the place where he required his wife to go.   From this letter, and from all the attending circumstances, it appears to have been fairly a question for the magistrate to determine whether the letter was written in good faith, and with the intention to carry out the offer made, or whether it was written with a plan in view to bring himself within the rule laid down in the case of *Lutes* v. *Shelley,* 40 Hun, 197.   That was a case in which the husband had offered to support and maintain his family, with necessary medical attendance, in the house of one Aldrich, in Orleans county, and offered to attend her there whenever she was ready, he claiming that he was not able to support her in any other place. The wife declined such proposition and offer.   The court held that she was not justified in so doing, because the husband had a right to select a home for her, and his judgment, when fairly exercised, should govern, in so far as to relieve him from the charge of being a disorderly person.   In the case cited, there seems to have been no question of the good faith of the husband. In this case the conclusion of the justice of the peace and of the court of sessions on appeal is manifestly based upon their belief, from the evidence, that the defense was insincere, and not supported by trustworthy evidence, and in this conclusion we agree with them.   It follows that the judgment appealed from should be affirmed.