The People of the State of New York, Respondent, *v.* Philip W. Frederick, Appellant.

*Disorderly person — failure of a husband to provide a home for his wife — the good faith of an offer of a home to be determined by the magistrate.*

Where a husband offers in good faith to provide, and tenders, a suitable home for his wife, and she fails to accept the support so provided or tendered by her husband, he cannot be deemed a disorderly person.

It is a question for the magistrate to determine whether an offer by a husband to provide a home for his wife was made in good faith and with the intention of carrying it out.

Appeal by the defendant, Philip W. Frederick, from a judgment of the Court of Sessions held in and for the county of Fulton on the 3d day of July, 1893, affirming a judgment of a justice of the peace of the town of Johnstown, Fulton county, convicting the defendant of being a disorderly person within the intent and meaning of section 899 of the Criminal Code, with notice of an intention to bring up for review on such appeal the judgment rendered and the final order made and all the proceedings had therein.

*Frank L. Anderson* and *H. Peck,* for the appellant.

*H. D. Wright, District Attorney,* for the respondent.

Putnam, J. :

Defendant was convicted before a magistrate as a disorderly person under the provisions of section 899 of the Code of Criminal Procedure and the judgment of conviction was affirmed by the Court of Sessions of Fulton county. The complainant and defendant were married on January 1, 1891, and it was alleged that defendant had abandoned his wife and failed to support her since April 1, 1892.

There was testimony before the magistrate tending to establish the truth of the charge made. But the defendant on the trial proved that on several occasions he had offered to provide the complainant with a home and support at his father's house, and that she had declined to accept such offer. And defendant testified that he was unable to furnish her with support at any other place.

The appellant insists that the offer and complainant's refusal to accept it was an answer to the charge made against him, and that the magistrate erred, therefore, in rendering a judgment of conviction, within the cases of *Lutes* v. *Shelley* (40 Hun, 197); *People* v. *Pettit* (74 N. Y. 320).

In the cases cited the offers of the husband were held to have been made in good faith, and tendered a suitable home for the wife, and, hence, if she failed to accept the support so provided by the husband, he could not be deemed a disorderly person. The rule laid down in those cases must govern this if the evidence was such that the magistrate should have found that defendant's offers were made in good faith and not with a fraudulent intent to evade the provisions of the statute.

It was shown on the trial that the defendant had offered to provide a home and support for the complainant at his father's house. That she went there on December 29, 1891, and saw defendant, his father and sister. She told the defendant that she had come to see the rooms prepared for her; he answered he was sick and could not show them that day, and closed the door, leaving her on the outside. On January 4, 1892, she again went there, and was told by appellant's mother that she wanted her to get out of there, and the door was closed in her face. Afterwards complainant again went to the house of appellant's father, and said to defendant's mother, who came to the door: "Philip told me here is where I was to get my support, and I have now come to accept his offer." She was unable to obtain access to the house, and was told to go home.

The witness Palmateer also testified to the statement of defendant, that "as circumstances stood now his hair would be grayer than it is now before he would support or live with his wife."

Whether complainant, after trying three times unsuccessfully to obtain admission to the house of defendant's father, should have made another attempt, was, we think, under the evidence, a question

for the magistrate. He could very well find, under the circumstances of the case, that defendant's offer was insincere, and made with intent to evade the provisions of the statute.

We think this case is similar to that of *The People* v. *Harris* (38 N. Y. St. Repr. 316); and, as held in that case, it was a question for the magistrate to determine whether the offers of the appellant were made in good faith, and with intention to carry out the offer, " and that, under the circumstances, a conviction based on a belief that it was not, would not be interfered with."

We have examined the various exceptions taken on the trial and the rulings of the magistrate, and are of opinion none of them require a reversal of the judgment.

It follows that the judgment should be affirmed.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.