## JEFFERSON v. STATE.

### Opinion delivered January 25, 1909.

1. CONTINUANCES—ABSENCE OF COUNSEL.—It was within the trial court's discretion to refuse a continuance because appellant's counsel was absent from the State on account of the sickness of his wife. (Page 130.)

2. LARCENY—SUFFICIENCY OF EVIDENCE.—A conviction of larceny is sustained by evidence that an object of value was missing, that defendant had opportunity to steal it, and that no one else who had such opportunity did so. (Page 131.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*H. A. Parker,* for appellant.

Sickness of counsel for a party, or that of a member of his family, compelling his absence from the court, is a well recognized ground of continuance, and appellant's motion for a continuance on that ground should have been granted. Hayne on New Trials, 182-3, and cases cited; 28 N. W. 79; 26 S. W. 60; 106 Ga. 108; 11 Pet. 226; 8 Phila. 342; 86 Va. 835; 10 La. 97; 56 Ga. 406; 36 Ia. 166.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee; *C. A. Cunningham,* of counsel.

1.   The jury are the sole judges of the weight and credibility of the evidence, and their verdict will not be disturbed unless there is a total want of evidence to support it.   15 Ark. 403; 23 Ark. 61; 14 Ark. 20.

2.   Continuances because of absence of counsel, as for other causes, is in the discretion of the court, and the court's action will not be disturbed unless this discretion is abused.   Hayne on New Trials and Appeal, 183-4; *Id.* 122; 9 Cal. 212.

McCULLOCH, J.   Appellant seeks, on two grounds, to reverse a judgment of conviction of the crime of grand larceny; first, that the court overruled a motion for continuance, and, next, that the evidence .is not sufficient to sustain the verdict.

The indictment was returned about two years before the trial below, and the case had been continued several times on motion of the State.   The case had been put on trial at a former term, and a mistrial 'had been entered on account of the failure of the jury to agree.   The attorney who had represented appellant was absent from the State on account of illness of his wife, and on the first day of November, 1908, term of the court the motion was presented by appellant for continuance on this account.   The motion was overruled by the court, and the case set for trial on the next day, when another attorney appeared for appellant and proceeded to trial without further effort to secure delay.   No postponement was asked, either to procure witnesses or to enable the attorney, Mr. Parker, to prepare himself for the trial.   The only motion made for a postponement of the trial was that the trial should be postponed until the next term so that Mr. Chapline, the attorney who formerly represented appellant, could return and take charge of the case.   The question of postponing the case until the next term was a matter largely in the discretion of the court, and we can not say that the court abused its discretion in refusing to grant the continuance.   We can see how the court, out of consideration for both litigant and attorney, might have continued the case so that the attorney who had received a fee and who had familiarized himself with the case could attend and conduct the trial, but some latitude in those matters must be left to the trial judge in the exercise of a fair discretion.

The indictment in the case accuses appellant of having stolen

a diamond ring of the value of fifty dollars, the property of Mrs. E. J. Smith, who resided in the town of Brinkley with her two daughters, one about sixteen years old and the other a child of six years.

Appellant went to Mrs. Smith's home to see the latter and entered the back door, passed through the kitchen and dining room and, finding Mrs. Smith in her bed room, stood in the door a while talking and departed by the same route. Mrs. Smith testified that she laid the ring in a platter on a table in the dining room about twenty-five minutes before appellant came, and discovered, about five minutes after appellant left the house, that the ring was missing, and she had never recovered it. She testified further that no one was in the house during the time except herself, her eldest daughter, Aileen Smith, and appellant,— that her younger daughter was playing in the yard.

Aileen Smith testified that she was in the sitting room while appellant was in the house, and that no other person was in the house during the time except her mother and appellant. She testified also that she saw the ring on her mother's finger during the morning before appellant came to the house, and that a few moments after appellant left she went to the platter, at her mother's request, to look for the ring but did not find it. Appellant testified in her own behalf and denied that she took the ring. This was substantially all the testimony except that of the little girl, who testified that she was playing in the yard while appellant was in the house.

We think the evidence, though circumstantial, was sufficient to sustain the verdict. No one saw appellant take the ring, but she was the only person who had an opportunity to take it except Mrs. Smith and her daughter, if their testimony is believed. Aileen Smith failed to testify specifically that she did not take the ring, but a statement to that effect is fairly inferable from her testimony taken as a whole.

Judgment affirmed.