JAMES v. STATE.

Opinion delivered April 18, 1910.

1.  TRIAL—ASKING WITNESS IMPROPER QUESTIONS—PREJUDICE.—It was not prejudicial error for the prosecuting attorney, in a prosecution for larceny, to ask the defendant's witnesses on cross-examination if it was not a fact that the defendant was known to be or had the reputation of being a gambler if the witnesses replied in the negative. (Page 518.)

2.  SAME—IMPROPER ARGUMENT.—Where a witness testified in a larceny case that he met defendant some time after the offense is alleged to have been committed and with him had gone to a place called Arcoma, it was not prejudicial error for the prosecuting attorney in his argument to the jury to say: "Gentlemen of the jury, what is Arcoma? It is a bald place on the mountain out here that some speculators tried to make a city of, but they established a Monte Carlo out there, and killed it deader than the devil." (Page 518.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Sam R. Chew,* for appellant.

Where the verdict appears to be against the preponderance of the evidence, and where plaintiff's counsel made statements prejudicial to the losing party, this court will reverse. 75 Ark. 577; 65 Ark. 475; *Id.* 619; 77 Ark. 19. Remarks of an attorney were held to be prejudicial where there was no evidence to support them. 72 Ark. 427; 70 Ark. 305; 63 Ark. 174; 72 Ark. 461; 71 Ark. 415; 68 Ark. 529.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

A verdict will not be disturbed where there is any evidence to support it. 23 Ark. 131; 33 Ark. 196; 46 Ark. 141; 19 Ark. 671; 24 Ark. 251. When a witness testifies that the reputation of the accused is good, the prosecuting attorney has the right to show that such witness has heard rumors to the contrary. 132 Ind. 542; 57 Kan. 537; 172 Mo. 191; 83 Ala. 25. The control of the argument is largely within the discretion of the trial judge, and unless he has clearly abused that discretion the verdict will not be disturbed. 84 Ark. 131; 71 Ark. 62; *Id.* 403; 88 Ark. 62; *Holt* v. *State,* 91 Ark. 576; 74 Ark. 256; 74 Ark. 491; 72 Ark. 613; 86 Ark. 607; 73 Ark. 458.

FRAUENTHAL, J. The defendant, Lon James, was convicted of the crime of grand larceny. He seeks by this appeal to obtain a reversal of the judgment upon the following grounds: because, (1) the evidence is not sufficient to sustain the verdict, (2) the circuit court permitted the introduction of incompetent testimony, and (3) the attorney for the State made an improper argument to the jury.

The evidence on the part or the State established the following facts: Joseph Friend was the owner of a drug store in the city of Fort Smith. On November 16, 1909, between 8 and 9 o'clock P. M., the defendant came to his drug store in order to collect the purchase money of some geese which he had sold him. While there, he requested Friend to exchange a five-dollar bill for some silver money. Friend had his money in a sack in an unfastened drawer in a prescription case. This prescription case was located about 30 feet from the front of the store. The defendant accompanied him to the drawer from which he took his sack, and therefrom took his money, which consisted of three ten-dollar bills and some silver amounting in the aggregate to about $50; and, not having the five-dollar bill desired by defendant, he returned the money to the sack and the sack to the drawer in the presence of the defendant. The defendant then stated that he desired to purchase a knife, and Friend exhibited a number of knives to him at the prescription case. The defendant stated that he wished to see a knife which was kept in the window at the front of the store.

Mr. Friend then proceeded to the front of the store and remained there about five minutes looking for the knife, and during all this time the defendant remained at the prescription case. The defendant then proceeded to the front of the store, and with Friend returned to the prescription case, and purchased one of the knives which had there been shown him and laid out on the case. The defendant remained at the store for probably an hour. About an hour after he had left the store Mr. Friend discovered that the three ten-dollar bills and about four dollars in silver were missing from the sack which he had replaced in the drawer. From the time the defendant came into the store and up to the time he purchased the knife Mr. Friend and he were the only persons in the store. After that, and while defendant was still there, three other persons came into the store. All these parties were witnesses in the case, and testified that they were not at the prescription case, and did not take the money. Mr. Friend testified that while these parties were in the store he observed them, and they did not have an opportunity to take the money. After defendant left and before Mr. Friend discovered that the money had been taken, one other person came into the store. This party was also a witness in the case, and testified that he did not take the money, and his testimony was corroborated by Mr. Friend. The testimony tended to show also that none of these four persons who had thus come into the store knew that Mr. Friend had any money in the drawer of the prescription case. After the defendant left the store he was in the company of some friends, one of whom, Mr. Lake, procured from him a knife, which was identified by Mr. Friend as one of the knives he kept at the prescription case, and was similar to the knife he had sold to defendant. Later, when defendant was arrested, there were found on his person three knives and $24 in money. One of these knives was similar to the knife he had bought from Mr. Friend; and when he was confronted with the fact that Mr. Lake had got a similar knife from him, so that he had two of these knives, he stated that he had got the second knife by mistake, and that if he intended to steal a knife from Mr. Friend he would not have taken one so cheap. He then paid for this second knife. The defendant was arrested on the same night, and there was no

ten-dollar bill amongst the money found on his person. The defendant introduced several witnesses who testified to his good character. This was substantially the evidence in the case. From this it appears that defendant knew that Mr. Friend had the money in the drawer in the prescription case, and had the opportunity to take the money without being observed by Mr. Friend. All the other persons who were in the store from the time Mr. Friend last saw the money in the sack up to the time he discovered that it had been taken were witnesses in the case and testified that they did not take it, and the testimony of Mr. Friend tended to prove that he observed and took notice of each of these four persons as long as they were in the store, and that none of them took or had the opportunity to take the money.

The jury were the judges of the credibility of these witnesses and of the effect which should be given to the actions and conduct of the defendant while in the store and to his taking one knife without paying for it. It was the especial province of the jury to determine the facts of this case. This they have done by their verdict, and we think that there is sufficient evidence to sustain that verdict. *Jefferson* v. *State*, 89 Ark. 129.

During the trial of the case the defendant introduced several witnesses who gave testimony to his good character for honesty. Upon cross-examination the attorney for the State asked each of these witnesses if it was not a fact that the defendant was known to be or had the reputation of being a gambler. The lower court permitted this question to be asked and answered over the objection of the defendant. It is earnestly contended by counsel for defendant that this ruling of the court was erroneous. But we do not think that it is necessary to pass upon that contention, under the circumstances of this case, because we do not think that the error, if any, was prejudicial to the defendant. Each of these witnesses testified in answer to this question that the defendant was not known to be and did not have the reputation of being a gambler. The answers to this question by the witnesses deprived the question of any pernicious effect that it could have had; and the testimony thus given could not have been injurious to the cause

of the defendant, for it tended to establish the good character he was endeavoring to prove.

In the trial of a cause a party cannot complain of an error if it is not prejudicial. If, therefore, it was an error to permit the introduction of the testimony complained of, it was not such an error as would justify a reversal, because it was not prejudicial. *McFalls* v. *State,* 66 Ark. 16; *Kelly* v. *Keith,* 77 Ark. 31; *Arkadelphia Lumber Co.* v. *Asman,* 85 Ark. 568; *Ware* v. *State,* 91 Ark. 555.

During the trial of the case one of the witnesses testified that he met defendant sometime after he had left Mr. Friend's store, and with him had gone to a place called Arcoma, which appears to be at the suburbs of Fort Smith. He stated that, finding no one there, they immediately returned. In the course of his argument to the jury the attorney for the State said:

"Gentlemen of the Jury, what is Arcoma? It is a bald place on the mountain out here that some speculators tried to make a city of, but they established a Monte Carlo out there, and killed it deader than the devil." Objection was made to these remarks, which was overruled. It is urged that these remarks were improper because there was no testimony as to what character of place Arcoma was; and that the refusal of the court to sustain the objection made to them was an error. But we do not think that these remarks could have deprived the defendant of a fair and impartial trial; and we do not think that they were so prejudicial as to justify the setting aside of the verdict in this case. The remarks of the attorney only tended to show that Arcoma was deserted; and the witness who testified that he accompanied defendant to this place stated that they immediately returned. If these remarks were improper, they were not calculated to influence the jury to the prejudice of the defendant. As was said in the case of *McFalls* v. *State,* 66 Ark. 16: "In determining whether such an error has been committed, it is believed to be safe to credit the jury with at least average intelligence." We do not think that there is any reversible error in the remarks of the State's attorney. *Puckett* v. *State,* 71 Ark. 62; *Kansas City S. Ry. Co.* v. *Murphy,* 74 Ark. 256.

Counsel for defendant has not complained of any error of the court relative to its rulings upon the instructions. We have

examined these, and we find that the court correctly instructed the jury relative to every phase of the case. The defendant has had a fair and impartial trial in this case, and he has been deprived of no right to which he was entitled under the law.

The judgment is affirmed.