## GREEN *v.* STATE.

Opinion delivered October 24, 1910.

1. HUSBAND AND WIFE—ABANDONMENT—VALIDITY OF STATUTE PUNISHING.—Acts 1909, p. 134, punishing by fine or imprisonment, or by both, a husband who, without good cause, abandons or deserts his wife or children under 12 years is a valid statute. (Page 177.)

2. BILL OF EXCEPTIONS—FILING.—A bill of exceptions which was not filed within the time required or authorized by law is a nullity. (Page 177.)

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

*Glass, Estes, King & Burford,* for appellant.

1. The purpose of the act is to punish for a failure to support or provide for the family, and not to punish a failure to consort with them. Two elements must exist before the offense is complete, failure to provide or make provision for, *and* desertion and abandonment. "And" means "in addition to." 156 Ill. 241; 80 Ala. 95.

2. The jury totally ignored the law as given by the court; the verdict was the result of passion and prejudice, and it was error to allow leading questions and incompetent and irrelevant testimony to go before the jury.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. There was no bill of exceptions, not having been signed by the judge in term time, and no time having been given. 38 Ark. 216; 33 *Id.* 558; 72 *Id.* 264; 31 *Id.* 725; 34 *Id.* 452.

2. Proper exceptions were not saved to the introduction of incompetent testimony in the motion for new trial. 34 Ark. 737; 70 *Id.* 430; 75 *Id.* 111.

BATTLE, J. Abner Green was indicted for, and convicted of, abandoning his wife without good cause and failing to maintain and support her, and his punishment was assessed at six months' imprisonment in jail and at a fine of five hundred dollars; and judgment was rendered accordingly, and he appealed therefrom to this court.

The statute upon which the indictment is based is as follows: "If any man shall, without good cause, abandon or desert his wife, or abandon his child or children under the age of twelve years, born in or legitimatized by lawful wedlock, and shall fail, neglect or refuse to maintain or provide for such wife, child or children, he shall, upon conviction, be punished by imprisonment in the county jail not more than one year, or by a fine not less than fifty nor more than one thousand dollars, or by both such fine and imprisonment." Acts of 1909, page 134.

The constitutionality of statutes similar to the above statute has been sustained by the Supreme Court of Louisiana, and treated as valid by other courts. In *State* v. *Cucullen,* 110 La. 1087, 1094, the court, upholding such a statute, said: "The performance by a husband and father of the legal duties which he voluntarily assumed in contracting marriage is a matter which not only affects the particular parties in interest, but the public at large, as affecting the general public welfare. The State is deeply interested in upholding and seeing enforced the rights and obligations springing from the family relations, for upon

their being upheld and enforced rest the well-being of society itself." See 21 Cyclopedia of Law and Procedure, 1611, and cases cited.

We hold the statute copied above to be a valid statute.

The validity of the indictment is not questioned.

The questions raised by the appellant in this court relate to evidence excluded by the court over the objections of the defendant, and to evidence admitted over the objections of the defendant, and to the sufficiency of the evidence to sustain the verdict. A bill of exceptions is necessary to enable and authorize this court to consider and decide these questions. There is what purports to be a bill of exceptions filed in this case. But it does not appear to have been filed at the time required or authorized by law, and is therefore a nullity. *Carroll* v. *Sanders,* 38 Ark. 216; *Morris* v. *Thomasson,* 72 Ark. 264. No other bill of exceptions was filed.

Judgment affirmed.