DEMPSEY v. STATE.

Opinion delivered April 28, 1913.

1. HUSBAND AND WIFE—ABANDONMENT—SUFFICIENCY OF EVIDENCE.—The evidence is sufficient under the Act of 1909, page 134, to show that a husband has abandoned his wife where it appears that the husband had left his wife in November, 1912, and had visited her only three times between then and February 11, 1913, and that during that time the husband was guilty of improper relations with another woman. (Page 79.)

2. HUSBAND AND WIFE—WILFUL ABANDONMENT AND FAILURE TO PROVIDE FOR FAMILY.—In order to convict a husband of the crime of abandoning his wife and children and failing to provide for their support, under Act of 1909, p. 134, it must be shown that the hus-

band wilfully or negligently failed to provide adequately for them, and a mere failure on account of inability is insufficient. (Page 79.)

3. HUSBAND AND WIFE—MAINTENANCE OF WIFE AND CHILDREN.—Where a husband has abandoned his wife and minor children, a total provision of $35 made to them for three months, is a failure to provide for the wife and children under Act of 1909, p. 134. (Page 79.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Geo. M. Chapline,* for appellant.

1. At common law, it is not a criminal offense to leave a wife without the means of support. 15 A. & E. 814; 45 Ark. 158.

2. Under our statute to constitute a criminal offense with desertion or abandonment must be coupled a failure to support. 156 Ill. 241; 80 Ala. 45; Acts 1909, p. 134.

3. There must be abandonment and failure to support. 5 Mich. 80; 21 Cyc. 1611.

4. Infidelity in itself is not sufficient to constitute abandonment. 41 Cyc. 1612. The verdict is contrary to the evidence.

*Wm. L. Moose,* Attorney General, *John P. Streepey,* Assistant, for appellee.

The statute is constitutional and the evidence is ample to sustain the verdict. Acts 1909, p. 134; 96 Ark. 134.

McCULLOCH, C. J. The defendant, Will Dempsey, was indicted and convicted under the following statute:

"If any man shall, without good cause, abandon or desert his wife, or abandon his child or children under the age of twelve years, born in or legitimatized by lawful wedlock, and shall fail, neglect or refuse to maintain or provide for such wife, child or children, he shall, upon conviction, be punished by imprisonment in the county jail not more than one year, or by a fine not less than fifty nor more than one thousand dollars, or by both such fine and imprisonment." Acts of 1909, page 134.

In the case of Green v. State, 96 Ark. 175, we held that the statute is a valid one.

It is insisted that the testimony was not sufficient to sustain the verdict. The defendant and his wife lived in Lonoke County, having children under the age named in the statute, and while living there it is claimed the defendant deserted his family and neglected to support them. The principal witness against the defendant was his wife, and in her examination it is clearly manifested that she had, for some reason, concluded to shield him as much as possible, though she had appeared before the grand jury when the indictment was returned.

It appears from the testimony that some time during the summer of the year 1912, defendant began illicit relations with a married woman living in the neighborhood, and that he abandoned his wife on the former's account. The defendant came to Little Rock, and shortly thereafter the woman moved here with her husband, and the improper relations continued between her and the defendant. The indictment was returned by the grand jury on February 11, 1913, and it is proved that from the time defendant left his wife in November up to the date of the indictment, he had returned to his family only three times, two of the visits being each of a few hours' duration. On one of the visits, he had spent the night in Lonoke. They lived in the country prior to the alleged desertion, but about that time a brother of the wife moved the family to the town of Lonoke. Defendant's wife stated that on one of the occasions of his visit in November he came back to stay, but that she told him that he couldn't remain there. She said that she was mad at him at the time, and it is evident from her testimony that what she said to him was provoked by his conduct with the other woman.

Defendant does not deny improper conduct with the other woman, and it is very evident from the testimony that he deserted his wife and was maintaining improper relations with that woman.

The testimony is therefore clearly sufficient to sus-

tain the charge against defendant of deserting his wife and children. This, however, does not constitute an offense under the statute. In order to make out the offense, there must also be failure and neglect or refusal to maintain and provide for the wife and children. This means, of course, a wilful or negligent failure to provide, and not mere failure on account of inability. It does not necessarily mean, however, that there must be a complete failure in that respect, for an abandonment by a man of his wife and children, coupled with a wilful failure or neglect to adequately provide for their wants, would be sufficient to complete the offense. The undisputed testimony in the case shows that the defendant did make some provision for his wife and children, but the jury was warranted in finding that the provision was not adequate for their comfort. The wife testified that from November, 1912, up to the date of this trial, the defendant had provided about $35 for herself and children, and that he gave the children some clothes. Her brother furnished them wood for fuel during the winter.

Where the husband has wilfully deserted his wife and children, it does not satisfy the law merely that he furnished slight and inadequate provision for their welfare and comfort. As before stated, it is incumbent upon him, to the best of his ability, to furnish adequate support for his wife and children, and the failure to do this is what the law seeks to punish.

While the testimony is meager, on account of the evident desire on the part of the wife to shield her erring husband, we are of the opinion that it is sufficient to sustain the charge that the defendant, not only wilfully deserted his wife and children, on account of his *liaison* with another woman, but that he wilfully neglected to provide for their support. The judgment is, therefore, affirmed.