NELMS v. STATE.

Opinion delivered February 22, 1915.

1. APPEAL AND ERROR—TIME OF FILING BILL OF EXCEPTIONS—CLERICAL MISPRISION.—On November 13, the circuit judge allowed appellant thirty days in which to file a bill of exceptions. Endorsed on the purported bill of exceptions, signed by the judge, was the statement that the same was presented and signed by the circuit judge on December 23, and endorsed on the back, "Filed December 12, 1914." *Held*, the bill of exceptions will not be held to have been filed on time, the recital in the certificate being conclusive, in the absence of a showing that the dates mentioned therein were due to a misprision on the part of the judge.

2. APPEAL AND ERROR—TIME OF FILING BILL OF EXCEPTIONS.—When time is allowed to prepare and file a bill of exceptions, the same must be signed by the judge and filed within the time allowed, in order to have the questions presented by such bill passed on by the Supreme Court.

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; affirmed.

*S. A. Jones,* for appellant.
Argues on the merits of the cause.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

No bill of exceptions was filed in time. 96 Ark. 175; 169 S. W. 790. There is nothing for this court to decide.

WOOD, J. Appellant was convicted on a valid indictment of the crime of embezzlement and sentenced to imprisonment in the State penitentiary for one year, and he prosecutes this appeal.

The errors complained of do not appear upon the face of the record, but are only such as could be presented by a bill of exceptions. The record shows the following: "Friday November 13, 1914. This day comes the defendant by his attorney, S. A. Jones, and

prays an appeal to the Supreme Court, which is granted, and defendant is allowed thirty days to prepare and file his bill of exceptions herein.''

The purported bill of exceptions contains the following: ''Now on the 23d day of December, 1914, within the time allowed by the court, comes the defendant and files his said bill of exceptions and presents the same to the judge thereof, and asks that the same be by said judge examined, approved, signed and ordered filed as a part of the record in this cause, all of which is accordingly done. Witness my hand as judge of said court this 23d day of December, 1914.'' (Signed) ''Robt. J. Lea, Judge 6th Jud. Cir.'' Endorsed on the back is the following: ''Filed December 12, 1914.''

(1) The recital made in the purported bill of exceptions by the circuit judge to the effect that the same was presented to him on the 23d day of December and by him signed on that day, will be controlling in the absence of an affirmative showing that this recital of the date on which the bill of exceptions was presented and signed, is misprision on the part of the judge. There is no such showing in this record. It must therefore be held that the bill of exceptions was not presented within the time allowed by the court for preparing and filing the same.

The time allowed by the order made November 13, 1914, allowing the appellant thirty days to prepare and file his bill of exceptions expired December 13, 1914. The recitals of the purported bill of exceptions showed that the same was not presented to nor signed by the judge until December 23, 1914, ten days after the time in which the same should be presented and filed had expired. The endorsement by the clerk that the bill of exceptions was filed December 12, 1914, in view of the other recitals, which are controlling, must be considered as a misprision on the part of the clerk, for obviously the bill of exceptions could not be filed with him until it had been signed by the judge presiding.

(2) When time is allowed to prepare and file a bill of exceptions the same must be signed by the judge

and filed within the time allowed in order to have the questions presented by such bill passed on by this court. *Green* v. *State,* 96 Ark. 175, and cases cited.

There being no error upon the face of the record proper, and no bill of exceptions presenting the errors of which appellant here complains, the judgment must be affirmed, and it is so ordered.