## McCORMICK v. STATE.

### Opinion delivered January 12, 1920.

1. PARENT AND CHILD—ABANDONMENT OF CHILD.—A father may be prosecuted for abandonment of an infant child, under Acts 1909, page 134, without showing that he had abandoned the child's mother.

2. PARENT AND CHILD—ABANDONMENT OF CHILD—EFFECT OF RETURN. —Where a father abandoned his infant child, it was no defense that after such abandonment he returned to his wife and child if his return was not in good faith and was merely to avoid prosecution with intent to leave after adjournment of court.

3. WITNESSES—CROSS-EXAMINATION.—Where, in a prosecution for child abandonment, defendant testified that he was not able to support the child, it was proper to permit the State on cross-examination to show his earnings for the purpose of contradicting his testimony in chief.

Appeal from Pike Circuit Court; *James S. Steel,* Judge; affirmed.

*O. A. Featherston,* for appellant.

The offenses charged were inseparable and two misdemeanors. There was no demurrer. 32 Ark. 204. Both wife and child abandonment were charged, and the burden was on the State to prove every constituent element of the offense charged. 70 S. W. 130. It was necessary to prove that the refusal or neglect was without "lawful cause." Chambelayne, Mod. Law of Ev., vol. 2, sec. 960; Enc. of Ev., p. 802 (d), 804 (2); Greenl. on Ev. (16 Ed.), § 80. There is no evidence to support the verdict and defendant was deprived of a fair trial by the testimony as to abandonment before he and his wife were reunited and the failure to show neglect or failure to provide *with-*

*out cause.* He had the right to show this, and that his acts were not without cause, especially after the condonation of the offense by the return of the wife.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. It was not error to allow the prosecuting attorney to elect to sever and try defendant for child abandonment.

An affidavit or information before a justice may be amended in the circuit court to conform to the proof. 56 Ark. 444; 1 S. C. R. 365. Wife abandonment and child abandonment are separate crimes. Kirby's Digest, § 2230; *Chronister* v. *State.*

2. There was no error in permitting proof that defendant had not supported his child since prosecution was instituted. Such evidence was competent as showing his intentions and (1) he saved no exceptions nor (2) preserved exceptions in his motion for new trial and (3) the evidence was competent as showing defendant's motives and intentions at the time of abandonment and contradicting his statements that his failure was due to his inability.

HART, J. Oscar McCormick prosecutes this appeal to reverse a judgment of conviction against him for the crime of abandoning his infant child. On the 6th day of June, 1919, an affidavit was filed before a justice of the peace charging that Oscar McCormick, on or about the 5th day of May, 1919, committed the crime of wife and child abandonment. He was tried and convicted on the 28th day of June, 1919, and duly prosecuted an appeal to the circuit court. The prosecuting attorney elected to try the defendant on the charge of child abandonment and he was convicted before a jury of that offense.

The record shows that the child was only a few months old at the time the abandonment was charged. Hence it is insisted that the prosecuting attorney could not elect to try the defendant for child abandonment with-

out also trying him for abandoning his wife. The prosecuting attorney made his election in the circuit court to try the defendant on the charge of abandoning his child. The affidavit before the justice charged him with abandoning his wife and child.

The question of whether or not the defendant in the future could be tried on the charge of wife abandonment under this same affidavit does not arise on this appeal. We are only concerned with the question of whether or not he could be tried for abandoning the child without also showing that he had abandoned his wife. At common law that the husband neglects to support the wife in connection with his abandonment or desertion of her is not a criminal offense. *Ex parte Jackson,* 45 Ark. 158. Since then our Legislature has passed a statute making it a misdemeanor for a man, without good cause, to abandon or desert his wife or to abandon his child or children under the age of twelve years; or to fail, neglect or refuse to maintain or provide for such wife, child or children. Acts of 1909, page 134.

The general purpose of such a statute is to prevent the abandoned wife or child from becoming a public charge, and it has been upheld as a valid statute. *Green* v. *State,* 96 Ark. 175, and *Dempsey* v. *State,* 108 Ark. 76.

It will be noted that the statute provides for the punishment of the husband who, without good cause, abandons his wife or child and neglects and refuses to maintain and provide for them. It may be that the prosecuting attorney thought he could not maintain the charge against the defendant for abandoning his wife, but that he could maintain it for abandoning the child. The defendant might be convicted of abandoning or failing to support his child, and yet not be guilty of a like offense towards his wife. It is none the less his duty to support the child while being nurtured at its mother's breast, than it would be after it had grown large enough to be taken away from its mother. The State is interested in the marital relation and may enforce its obligation. It is essential to the welfare of society and the State that

the family should be supported and its members prevented from becoming a public charge. The law charges the expense of the family upon the husband, and makes it a misdemeanor for him to abandon or neglect to support his child, and he can not excuse himself from the performance of this duty in regard to the child by showing that he had good cause to abandon his wife.

The record shows that the husband first abandoned his wife and infant child and then went back to them and stayed with them for a month or two, but it is also shown that the defendant stated to a witness for the State that he was going back to his wife and stay with her until after court adjourned and then was going to quit her again.

It is claimed that because the husband returned to his wife that this constituted a condonation of the offense, and that his first abandonment of her and the child could not be proved in support of the charge against him. We can not agree with counsel in this contention. If the defendant did not intend in good faith to return to his wife and support her and the child, his return merely to avoid a prosecution during the term of the court was simulated and did not amount to an excuse for his past offense.

It has been held that where a husband's offer of a home is insincere and fraudulent with a view of evading the statute, the wife's refusal to accept the offer is no defense to a prosecution for abandonment and failure to support them. *People* v. *Harris,* 14 N. Y. Supp. 830; *People* v. *Frederick* (1894), 78 Hun 36, 28 N. Y. Supp. 1002 (affirmed on opinion below), 39 N. E. 21; *People* v. *Paaschen* (N. Y.), 174 N. Y. Supp. 406; *Baskins* v. *State,* (1914), (Court of Crim. App.), 171 S. W. 723.

In the case at bar the wife did not know that his return was merely for the purpose of preventing a prosecution under the statute, and his return under such circumstances could not have the effect of excusing his past conduct.

It is also contended that the court erred in admitting testimony of the defendant's acts of abandonment and

failure to support the child subsequent to the date of the trial in the justice of the peace court. As a part of his defense, the defendant testified that he was not able to support his wife and child. He testified on cross-examination that he made something over $3 per day after he was convicted in the justice court, and that he devoted a part of this to the payment of his attorney's fees. He had testified that he was unable to support his child, and this testimony was admissible for the purpose of contradicting his testimony in chief. See *Ketchum* v. *State,* 125 Ark. 275, where, on the charge of the illegal sale of whiskey, the State was permitted to show sales made after the finding of the indictment in the same house to show knowledge on the part of the defendant that the illegal sale of whiskey was being carried on there, although he had denied any knowledge of that fact.

It is next insisted that the evidence is not sufficient to support the verdict. The wife of the defendant testified that the defendant abandoned her and their infant child when it was only a few months old, and that he failed to support her and the child. It is true he was sick a part of the time, but after he got well he still abandoned his wife and child and neglected and refused to support them. This testimony was sufficient to warrant the verdict. *Dempsey* v. *State,* 108 Ark. 76.

It follows that the judgment must be affirmed.