Larry GREEN *v.* STATE of Arkansas

CA CR 80-15                                    601 S.W. 2d 273
          Court of Appeals of Arkansas
          Opinion delivered July 9, 1980

954

*E. Alvin Schay*, State Appellate Defender, by: *Jack Kearney*, Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by:*Joseph H. Purvis*, Deputy Atty. Gen., for appellee.

JAMES H. PILKINTON, Judge. Larry Green was charged in the Pulaski County Circuit Court with theft of property, a violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). It was alleged by the state that appellant on December 23, 1978, while he was an attendant at the Magic Mart Self Service Gas Station at Seventeenth and Main Streets in Little Rock, took unauthorized control of some $556.00, the property of his employer. The appellant pleaded "not guilty." A jury being waived, Green was tried before the Pulaski Circuit Court, First Division, on September 18, 1979. At the conclusion of the trial, the court found the defendant guilty, and fixed his sentence at two years imprisonment. Appellant has appealed the conviction and sentence.

Ark. Stat. Ann. § 41-2203, supra, under which appellant was charged, states:

41-2203. *Theft of property.* — (1) person commits theft of property if he:

(a) knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interests in, the property of another person, with the purpose of depriving the owner thereof; or

(b) knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof.

(2) (a) Theft of property is a class B felony if:

(i) the value of the property is $2500 or more; or

(ii) the property is obtained by the threat of serious physical injury to any person or destruction of the occupiable structure of another; or

(iii) the property is obtained by threat and the actor stands in a confidential or fiduciary relationship to the person threatened.

(b) Theft of property is a class C felony if:

(i) the value of the property is less than $2500 but more than $100; or

(ii) the property is obtained by threat; or

(iii) the property is a firearm valued at less than $2500; or

(iv) the property is a credit card.

(c) Otherwise, theft of property is a class a [A] misdemeanor.

With the statute in mind, we must now look at the facts shown by the record. There was only circumstantial evidence in this case, and appellant contends it was not circumstantial evidence such as would support a criminal conviction under Arkansas law. See *Smith* v. *State*, 264 Ark. 874, 575 S.W. 2d 677 (1979); *Jones* v. *State*, 246 Ark. 1057, 441 S.W. 2d 458 (1969). Thus appellant seriously contends that there was not sufficient evidence to support the conviction. The appellant had only worked two days for this employer and, on his third day of work at Magic Mart as a service station attendant, he was assigned to a night shift and was the only attendant on the job. The station consisted of pumps and an enclosed attendant's booth which had an opening large enough for customers to hand in their money or credit cards. The sole prosecution witness was William Porter, station manager,

who testified, it was company policy, that an attendant was not to leave the booth unlocked or let anyone in it; and, if he did, the attendant was responsible for any damage or theft that might occur. Mr. Porter also testified that attendants were not to leave the booth at all. If a pump quit working, Mr. Porter said he had told the attendants not to attempt to repair it. This was disputed by the appellant. Mr. Larry Green testified that Mr. Porter had told him to go out to a pump that was "hanging up," take the front off of it and hit it, to make it reset to zero. On the evening in question, Green said he left the booth three or four times during the evening, but locked the booth only on the first occasion. He also said he let a woman in the booth to make a telephone call after her car had a flat tire in the service station lot. The appellant also testified that the lock on the cash drawer did not work.

Both Mr. Porter and the appellant agreed that Green telephoned Porter on the evening involved and reported to the station manager that he (Green) was having trouble with some customers. It is undisputed that Mr. Porter went to the station and instructed Green to close the station for the evening. They disagreed, however, on when Mr. Porter found out about the missing money. Green says Porter knew about it that evening while the manager indicated it was the next day before he discovered the loss. But in any event, Green had to fill out a shift report, which is an exhibit in evidence, in order to shut down the station. This report which was made that night showed a shortage of $349.21.

At the trial, Mr. Porter testified that the total amount of missing money was $556.06. It is hard to understand how Mr. Porter arrived at this figure, even after correcting certain mistakes in addition from lines 6, 7 and 10 of the shift report. This report shows that $196.00 was deposited in the safe, leaving a shortage of $493.46. The loss figure was reported as $556.06 by the station manager even though Mr. Porter admitted there was "some money there." It is significant that Mr. Porter did not dispute the figures used by Mr. Green when he made out the shift report in order to shut down the station, although Porter did note certain mistakes in calculations. The confusion about the amount of the shortage is indicative of the weakness of the state's case. It appears

from the record that all the prosecution proved was that appellant may have violated company policy; however, this is not sufficient for conviction of the offense charged under the Arkansas Criminal Code.

It is well settled that circumstantial evidence is sufficient to establish guilt but if circumstantial evidence alone is relied on, the evidence must establish every element of a crime. *Henley* v. *State*, 255 Ark. 863, 503 S.W. 2d 478 (1974); *Jones* v. *State, supra*. In criminal cases, circumstances, however strong, ought not to coerce the mind of the fact finder to a conclusion of guilt if they can be reconciled with the theory that someone other than the defendant has committed the crime or that no crime has been committed at all. *Bowie* v. *State*, 185 Ark. 834, 49 S.W. 2d 1049 (1932). The case law is clear that the circumstances relied upon by the state must be so connected and cogent as to show guilt to a moral certainty and must exclude every other reasonable hypothesis than that of the guilt of the accused. *Bowie* v. *State, supra; Jones* v. *State, supra.*

A conviction of the type now before us can be sustained upon evidence that property is missing, that the defendant had the opportunity to take it, and no one else had that opportunity. *Jefferson* v. *State*, 89 Ark. 129, 115 S.W. 1140 (1909). The prosecution in the case before us did not prove that no one else had the opportunity to take the money. This case is easily distinguishable from *Pharr* v. *State*, 246 Ark. 424, 438 S.W. 2d 461 (1969), where a conviction was upheld under evidence showing that a service station was found unattended at 4:00 a.m. and the attendant was located the same night, drunk in a motel, with approximately the same amount of money that was missing from the station.

It is undisputed that more than $100.00 was missing after Green's shift ended, but there is no substantial evidence in this record to show that he took it. In fact, appellant presented evidence that there were opportunities for others to take the money. Even though he may have been responsible and negligent for creating those opportunities, the evidence in this case is not sufficient to sustain his conviction for theft.

Counsel for appellant suggests that this case presents an

958

opportunity for Arkansas to adopt the standard set out in *Jackson* v. *Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). It was held in *Jackson* that a federal court reviewing a state criminal conviction in a habeas corpus proceeding must consider whether there is sufficient evidence to justify a rational trier of facts to find guilt beyond a reasonable doubt. It is not necessary to a decision in this case for us to consider the federal rule suggested by *Jackson* because the evidence in the case before us does not even meet the Arkansas test now in effect.

We hold that appellant's conviction was based upon mere speculation and conjecture, and the judgment of the trial court must therefore be reversed and the case dismissed. *Smith* v. *State, supra*; *Pollard* v. *State*, 264 Ark. 753, 574 S.W. 2d 656 (1978); *Green* v. *Massey*, 437 U.S. 19, 98 S. Ct. 2151, 57 L. Edd. 2d 15 (1978).

Reversed and dismissed.