## John GREEN *v.* STATE of Arkansas

CA CR 83-15            649 S.W.2d 190

Court of Appeals of Arkansas
Opinion delivered April 20, 1983
[Rehearing denied May 18, 1983.]

*Gary R. Burbank,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. John L. Green and Johnny Stocker were arrested and charged with the burglary of Medic Pharmacy No. 2 in El Dorado, Arkansas. Stocker pled guilty and was sentenced. Green pled not guilty and was convicted. The only witnesses to testify in Green's jury trial were three police officers and the owner of the pharmacy.

According to the evidence, the pharmacy is located in the middle of a three-building unit, with a laundromat located on the west side and another business located on the east side. The pharmacy and laundromat are separated by a common concrete wall and the suspended ceilings of the two stores are constructed of removable ceiling tiles. Each tile is approximately three feet long and two feet wide. Above the ceilings is open attic space partially filled with roll-type insulation material. One can cross over from one store to the other in the attic space.

At about 5:15 a.m. on Sunday, June 7, 1981, a silent burglar alarm at the pharmacy sounded an alarm at the police station and officers responded. On arrival, the officers began checking the doors and heard a noise inside the pharmacy. Officer Shaw, coming around the west side of the building, caught Stocker coming out the front door of the laundromat. Stocker had several bottles of narcotics in his pockets and they were later identified as drugs missing from the pharmacy.

Officer Shaw advised Officer Stuard that he suspected someone was still in the building since Stocker had shouted "Don't run, don't run" as he looked back in the laundromat. Stuard and another officer searched the interior of the laundromat and found Green lying on his back on gas and water lines some five and one-half feet above the floor and behind the dryers. He had insulation material similar to that found above the ceilings in his hair and on his clothing, and he told Officer Stuard that he was up on the gas and water lines to take a nap. He had no detergent or laundry with him and he had no drugs or other illegal items on his person.

The officers found holes in the ceiling of the laundromat, and two adjacent holes in the ceiling of the pharmacy, where ceiling tiles had been removed. When they arrived, the officers found the door to the pharmacy locked and secured, but the deadbolt on the front door lock of the laundromat had been pushed or pried out. A pint bottle of Demerol syrup was found on the floor of the laundromat near a washing machine.

The owner of the pharmacy testified that he was called to the scene and found that his prescription drug department had been disturbed and that drugs, including a pint of Demerol, were missing. He testified that he closed the pharmacy on the previous day, a Saturday, around 1:00 p.m., and that neither he nor anyone else under his direction had removed the tiles in the pharmacy ceiling and that the ceiling was not in that condition when he closed the store.

Green's contention on appeal is that there is no substantial evidence to support the jury's verdict, and that the trial court erred in denying his motion for a directed verdict made at the close of the state's case.

Appellant was charged with burglary by entering or remaining unlawfully in the pharmacy with the purpose of committing theft of property, and the jury was instructed that the state had the burden of proving those two elements of the offense. The jury was not instructed that appellant was an accomplice of Stocker. The appellant argues that there is no evidence that he personally entered or remained unlawfully in the pharmacy and that he cannot be convicted upon circumstantial evidence alone, unless it excludes every other reasonable hypothesis than that of his guilt. *Jones* v. *State,* 246 Ark. 1057, 441 S.W.2d 458 (1969); *Green* v. *State,* 269 Ark. 953, 601 S.W.2d 273 (Ark. App. 1980). Thus, appellant says there is nothing to exclude the reasonable possibility that he had just entered the laundromat when the police arrived or that he had a change of heart and terminated his participation without entering the pharmacy. He contends that the circumstantial evidence was sufficient only to arouse the jury's suspicion and that the verdict was based on mere speculation and conjecture.

The appellant was not entitled to a directed verdict of acquittal unless there was no issue of fact to be decided, and we must view the evidence in the light most favorable to the state, and affirm the jury verdict if it is supported by substantial evidence. *Small* v. *State,* 5 Ark. App. 87, 632 S.W.2d 448 (1982).

The evidence in this case revealed that appellant was found in the immediate vicinity of the pharmacy shortly after its burglar alarm was tripped. The officers found him hiding in a hot and remote place, not easily accessible, in the laundromat. This evidence does not compel the conclusion that appellant was present in the laundromat to do his laundry, and his explanation to the arresting officers that he was lying on pipes several feet from the floor and behind the dryers to take a nap could be rejected as not credible. There was no evidence that there was insulation material surrounding the pipes on which appellant was lying and it is reasonable to believe that the insulation fibers in his hair and on his clothing came from the attic above the laundromat and the pharmacy.

In *Upton* v. *State,* 257 Ark. 424, 516 S.W.2d 904 (1974), the court noted that it is not *every* hypothesis other than guilt that must be excluded in order for circumstantial evidence to support a conviction, but it is only every other *reasonable* hypothesis. The court also said that "it is basically a question for the jury to determine whether the evidence excludes every other reasonable hypothesis." In making that determination in the instant case, what reasonable explanation could the jury find to account for the *two* holes found in the ceiling of the laundromat and the *two* found in the pharmacy ceiling? Surely it is reasonable to believe the holes were used by both Stocker and appellant. And can we judicially foreclose the jury from finding it unreasonable that Stocker would use *four* separate holes in going through the ceilings of the laundromat and the pharmacy?

We fully agree that "no one should be deprived of his liberty on mere suspicion or conjecture," *Hicks* v. *State,* 271 Ark. 132, 607 S.W.2d 388 (1980), but it is also true that "if the jury believes from the circumstances introduced in evidence beyond a reasonable doubt that the defendant is guilty, it is the duty of the jury to find him guilty, just as it would if the evidence was direct," *Caradine* v. *State,* 189 Ark. 771, 75 S.W.2d 671 (1934), and "if the verdict is supported by such proof we are not at liberty to disturb the conviction, even

though we might think it to be against the weight of the evidence." *Graves* v. *State,* 236 Ark. 936, 370 S.W.2d 806 (1963).

Affirmed.