Mary E. ARMSTRONG *v.* STATE of Arkansas

CA CR 83-174                                        671 S.W.2d 772

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1984

144

*The McMath Law Firm, P.A.,* by: *Sandy S. McMath,* and *Charles R. Hicks, P.A.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was charged with theft of property by deception in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). After a trial by jury, she was convicted and sentenced to four years in the Arkansas Department of Correction and a fine of $5,000.00. From that decision comes this appeal.

The appellant was employed as the commercial book-keeper at the Montgomery Ward store in Little Rock. During the time she was employed in this capacity, it came to the attention of another employee that there was a discrepency in the cash register used by the appellant. An investigation ensued and resulted in the charges of theft being filed against the appellant.

The appellant argues that the trial court erred in failing to grant her motion for a directed verdict at the close of the State's case. Her grounds for the directed verdict were that

the State had failed to eliminate every other reasonable hypothesis for the alleged theft. The appellant relies on *Green* v. *State,* 269 Ark. 953, 601 S.W.2d 273 (Ark. App. 1980), for the proposition that the appellant's conviction cannot be sustained where the State failed to exclude every reasonable possibility that someone other than the appellant had the opportunity to have taken the money. We cannot agree with the appellant that the State failed in meeting its burden of proof. The State introduced evidence that showed the appellant had manipulated company records to conceal cash shortages. Although she was not observed taking the money or manipulating the records, the evidence presented was certainly adequate to present a jury question.

The appellant's second point for reversal deals with the trial court's rulings concerning expert testimony. Dr. Douglas Stevens testified concerning his examination of the appellant and the results of several tests which dealt with her mental capacity and mathematical abilities. The defense then called a certified public accountant, Mr. Rick Ruffin, and sought to elicit testimony from him that, based on Dr. Stevens' testimony, and the nature of the embezzlement scheme, the appellant would not have been able to carry out the scheme. The trial court limited Mr. Ruffin's testimony to stating the level of accounting or mathematical ability which he believed an individual would need to possess to successfully engage in the type of scheme the appellant was charged with. The trial court noted that Mr. Ruffin's proposed testimony would invade the province of the jury. We hold that the trial court correctly limited Mr. Ruffin's testimony.

In *Ethridge* v. *State,* 9 Ark. App. 111, 654 S.W.2d 595 (1983), this Court dealt with this issue and held that when the jury can just as easily determine the fact question in issue from the opinion testimony before it, it is improper for an expert witness to, in effect, tell the jury which result to reach. Here, the situation is similar. Mr. Ruffin was properly allowed to testify as to his opinion of the level of mental functioning it would take to conduct the scheme the appellant was accused of. Dr. Stevens had testified as to his opinion of the appellant's abilities. To allow Mr. Ruffin to

go further and state the appellant could not have been responsible for the acts with which she was charged would, we agree, indeed invade the province of the jury.

The appellant's third point for reversal deals with the conduct of a spectator during the appellant's trial. During the testimony of several of the State's witnesses, Mr. William Terry, an official with Montgomery Ward, was observed nodding his head as if to signal the witness as to how to respond to the questions. This was brought to the trial court's attention, and a mistrial was requested. During a hearing in the judge's chambers, the defense admitted that the testimony of the witnesses who were allegedly signalled was no different than that which came out during their discovery depositions, and defense counsel advised the trial court that the signaling, if it occurred, did not prejudice the appellant because the defense was able to effectively cross-examine the witnesses.

A mistrial is an extreme remedy which will be granted only when no other action by the court will remove prejudice or insure a fair trial. Also, the decision as to whether to grant a mistrial is within the sound discretion of the trial court and the trial court's decision should not be disturbed unless an abuse of that discretion is shown. *Brewer v. State*, 269 Ark. 185, 599 S.W.2d 141 (1980). We believe that when the fact is considered that the appellant's counsel admitted that she suffered no harm by the alleged acts of Mr. Terry, it is clear that the trial judge did not abuse his discretion in refusing to grant a mistrial.

Finally, the appellant argues that her conviction is not supported by substantial evidence. As we have discussed in Point I of the appellant's argument, we feel that there was a fact question presented for the resolution of the jury. A motion for a directed verdict is a challenge to the sufficiency of the evidence, *Glick v. State*, 275 Ark. 34, 627 S.W.2d 14 (1982), and the fact that we feel the denial of the directed verdict was proper, demonstrates that there is substantial evidence to support the verdict of the jury.

Affirmed.

MAYFIELD, C.J. and CLONINGER, J., agree.