Charles Ray NELKE *v*. STATE of Arkansas

CA CR 86-107                                             720 S.W.2d 719

Court of Appeals of Arkansas
Division I
Opinion delivered December 10, 1986
[Rehearing denied January 14, 1987.]

*John W. Settle*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. This is an appeal from the appellant's misdemeanor conviction for criminal nonsupport, under Ark. Stat. Ann. § 41-2405 (Supp. 1985) by a Sebastian County Circuit jury. The appellant was fined $1,000.00 and sentenced to one year in jail. The appellant raises two points for reversal: The trial court erred in allowing testimony concerning the "impact" of the appellant's alleged failure to pay child support and in not granting the appellant's motion for directed verdict at the close of the State's case. We find no error and affirm the conviction.

Because a motion for a directed verdict is a challenge to the sufficiency of the evidence, *see Armstrong* v. *State*, 12 Ark. App. 143, 671 S.W.2d 772 (1984), we must first determine whether the trial court's denial of the motion was error. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). In reviewing evidence, we look at it in the light most favorable to the State, overturning the verdict only if there is no substantial evidence to support it. *Kennel* v. *State*, 15 Ark. App. 45, 689 S.W.2d 5

(1985).

In this case, the appellant made his motion for directed verdict at the close of the State's case. Upon its denial, he elected to present evidence in his defense. He then renewed his motion at the close of all evidence. The motion was again denied. Both the appellant and the State feel that, under these circumstances, the reviewing court is to consider only the evidence put on by the State. The appellant cites no authority for this proposition, and the State cites *Christian* v. *State*, 6 Ark. App. 138, 639 S.W.2d 78 (1982). This, however, is not the correct standard of review. In *Christian* we held that, when a defendant presents additional evidence and fails to renew his motion for direct verdict at the conclusion of the evidence, we look to the entire record to determine the sufficiency of the evidence. 6 Ark. App. at 143. The dispositive factor in *Christian* is the fact that the defendant elected to put on additional evidence, *not* that he failed to renew the motion for directed verdict. In *Walker* v. *County of Washington*, 263 Ark. 317, 564 S.W.2d 513 (1978), the Arkansas Supreme Court stated, "we consider only appellant's second motion for directed verdict since the first motion was waived by subsequently offered proof." 263 Ark. at 320. The court went on to consider evidence presented by the defendant in determining the sufficiency of the evidence. Therefore, because the appellant here also waived his first motion by subsequently offered proof, we too must consider all of the evidence.

Arkansas Statutes Annotated § 41-2405(1) (Supp. 1985) provides:

> A person commits the offense if without just cause he fails to provide support to: . . . (b) his legitimate child who is less than eighteen (18) years old . . . .

In order to make out the offense, the State must show a willful or negligent failure to provide, not a mere failure because of inability. *See Dempsey* v. *State*, 108 Ark. 76, 157 S.W. 734 (1913). The statute construed in *Dempsey* provided: " 'If any man shall, without good cause, . . . fail, neglect or refuse to maintain or provide for such wife, child or children . . . he shall be punished . . . .' " 108 Ark. at 77. The statute now uses the words "just cause" instead of "good cause", however, we find, for purposes of this statute, that these phrases are equivalent in

meaning. *See* § 41-2405 commentary (Repl. 1977); *Black's Law Dictionary* 622, 775 (5th ed. 1979). In the context of the criminal nonsupport statute, "without just cause" means to have the inability to pay. *See Dempsey*, 108 Ark. at 79. While the Arkansas courts have not determined what constitutes an inability to pay in a nonsupport case, our sister states have held that the inability to pay cannot be brought about intentionally and willfully by the defaulting parent. *See People* v. *James*, 89 Ill. App. 3d 157, 411 N.E. 2d 563 (1980); *State* v. *Greer*, 259 Iowa 367, 144 N.W.2d 322 (1966); *State* v. *Arnett*, 370 S.W.2d 169 (Mo. App. 1963); *Commonwealth* v. *Wright*, 289 Pa. Super. 399, 433 A.2d 511 (1981). While the State must prove every element of its criminal nonsupport case beyond a reasonable doubt, it may do so by circumstantial, as well as direct, evidence. *See Hudson* v. *State*, 370 N.E. 2d 983 (Ind. App. 1977); *Arnett*, 370 S.W.2d 169; *Wright*, 433 A.2d 511.

In the case at bar, the appellant's ex-wife testified that she and the appellant were divorced in December, 1980, at which time the appellant was ordered to pay $29.00 a week as child support for their daughter who was 8 years old at the time of the trial. She stated that, since the divorce, the appellant had only paid $115.00 in child support ($100.00 in April, 1985, and $15.00 in November, 1985) and that he was approximately $7,000.00 behind in his support. She further testified that, at the time of their divorce and for a while thereafter, the appellant was working at Baldor Electric. The appellant testified that he worked for Baldor for close to a year after the divorce, until he was fired for drinking on the job. He stated that, shortly after being fired, he worked at a pottery plant for three months and then moved to a farm. The appellant stated that he has been working for ranchers the past three or four years for room and board, with the exception of the chicken farm where he made an additional $125.00 per week. He testified that he worked at this last job for about a year, until he was arrested for non-support. The appellant said he would not get a factory job, because when he worked indoors he "was closed up and [he] couldn't stay." We find this evidence of the appellant's duty, failure, and ability to pay support sufficient to uphold his conviction.

■    The appellant also contends that the trial court erred in admitting evidence showing the impact of his failure to pay support on the child. The appellant contends that this evidence is

irrelevant and inadmissible, citing Ark. Stat. Ann. § 28-1001, Unif. R. Evid. 410, 402, and 403 (Repl. 1979) (now Ark. R. Evid. 410, 402, and 403). The evidence complained of consists of the ex-wife's testimony that, because of the appellant's failure to provide support, she was unable to pay a babysitter for the child while working, and the child received subsidized school lunches. Evidence in this case clearly shows that the appellant has failed, without just cause, to provide support for his minor daughter. Under these circumstances, we do not need to determine whether it was error to admit "impact" testimony, because, even if it were error, we find no prejudice. We do not grant reversal for non-prejudicial error. *Vasquez* v. *State*, 287 Ark. 468, 702 S.W.2d 411 (1985); *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied* 105 S.Ct. 1847 (1985).

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.