STATE of Wisconsin, Plaintiff-Appellant,

v.

Craig S. DUPREY, Defendant-Respondent.

Court of Appeals

*No. 88–2120–CR. Submitted on briefs February 8, 1989.—
Decided March 21, 1989.*

(Also reported in 439 N.W.2d 837.)

For plaintiff-appellant there were briefs by *Steven
J. Madsen,* of Green Bay.

For defendant-respondent there was a brief by *Mark Lukoff,* first assistant state public defender, of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Craig S. Duprey was ordered to pay 25% of his income as child support and failed to make any payment for more than two years. The issue presented is whether, by virtue of the percentage order, the state is required to prove that Duprey had earned income for 120 consecutive days in order to be bound over for trial on charges of felony nonsupport, sec. 940.27(2), Stats. Because the state is not required to prove income in a case where an order determines the amount of the obligation on a percentage basis, we reverse and remand the cause with directions to reinstate the felony charge.

The material facts are undisputed. The parties were divorced in May, 1985, and the divorce decree ordered Duprey to pay 25% of his gross income for support of his two minor children. Duprey's former wife, Amy Lemmen, testified that since March, 1986, Duprey had told her that he was running a tavern, doing odd jobs, and painting for a friend. Duprey made no child support payments from March, 1986, through July, 1988. Effective July, 1988, the support order was modified to require Duprey to pay $100 per month. Duprey made payments in August, 1988, amounting to $90. At the completion of the preliminary hearing, the court found probable cause to believe a felony for nonsupport had been committed and bound Duprey over to another court for trial.

Subsequently, on Duprey's motion, the trial court ordered that the charges of felony nonsupport be reduced to misdemeanor nonsupport because the state had failed to prove that Duprey had earned income for

120 consecutive days. The court acknowledged that there was sufficient evidence presented at the preliminary hearing to show that Duprey was intermittently employed and had some income at various times during the twenty-seven month period when no support was paid. Nevertheless, it ruled that because the state failed to show the Duprey had earned income for 120 consecutive days, no felony was committed. The trial court amended the charges to misdemeanor nonsupport, and the state appeals.

This case requires the application of a statute to a particular set of facts, thus presenting a question of law to be reviewed without deference to the trial court's decision. *See Bucyrus-Erie Co. v. DILHR*, 90 Wis. 2d 408, 417, 280 N.W.2d 142, 146–47 (1979). Duprey was charged with failure to support between March 19, 1986, and August 9, 1988, pursuant to sec. 940.27 (1985–86), which states in part:

**Failure to support. (1)** In this section:

(a) "Child support" means an amount which a person is legally obligated to provide under s. 49.90, 767.25 or 767.51.

. . . .

**(2)** Before January 1, 1990, any person who intentionally fails for 120 or more consecutive days to provide spousal, grandchild or child support which the person knows or reasonably should know the person is legally obligated to provide is guilty of a Class E felony.

. . . .

**(3)** Before January 1, 1990, any person who intentionally fails for less than 120 consecutive days to provide spousal, grandchild or child support which the person knows or reasonably should know the person is legally obligated to provide is guilty of a Class A misdemeanor.

. . . .

**(4)** Before January 1, 1990, under this secton, the following is prima facie evidence of intentional failure to provide child, grandchild or spousal support:

(a) Before January 1, 1990, for a person subject to a court order requiring child, grandchild or spousal support payments, failure to pay any child, grandchild or spousal support payment required under the order.

. . . .

**(6)** Before January 1, 1990, under this secton, affirmative defenses include but are not limited to inability to provide child, grandchild or spousal support. A person may not demonstrate inability to provide child, grandchild or spousal support if the person is employable but, without reasonable excuse, either fails to diligently seek employment, terminates employment or reduces his or her earnings or assets.

Section 940.27 speaks in terms of child support as an amount one is legally obligated to provide under secs. 49.40, 767.25 or 767.51, Stats. It is not a specific amount, but rather the obligation to provide support that the state must prove. A parent's legal obligation to meet their human and social responsibility of supporting children which they, of their own free will, bring into this society exists regardless of a support order setting an amount. Sec. 49.90(1m), Stats. For example, an unmarried father's legal obligation to support a child may not exist until paternity is established. On the other hand, a married father's legal obligation to support is evident for children born to the marriage.

The support order does not create the support obligation, but rather merely reaffirms it and sets a

specific sum to be paid. The fact that the order is couched in terms of a percentage basis, instead of a sum certain, does not relieve one of the obligations to his or her children, nor does it change the parties' respective burdens of proof. A percentage order permits the amount to fluctuate with ability to pay, but it does not relieve one of his or her duty altogether. It recognizes that child support may be uncollectible at times. Nonetheless, the duty to support remains constant.

Here, the state met its burden of proving all the elements required to show a violation of sec. 940.27. The evidence established that Duprey had been married, fathered two children who were minors, and therefore reasonably should have known of his duty to support them. There is no dispute that Duprey failed to make any payment for more than two years. These facts support a prima facie case that Duprey intentionally failed for 120 or more consecutive days to provide child support which he reasonably knew he was obligated to provide.

Duprey is entitled to show as an affirmative defense that he had insufficient income to pay support. Sec. 940.27(6), Stats. Insufficient income is an exculpatory circumstance that makes his conduct excusable on policy grounds. The relative positions of the parties, with respect to the information needed to prove inability to pay, is a compelling reason for placing this burden on Duprey. As stated in *Davis v. Barber*, 853 F.2d 1418, 1427 (7th Cir. 1988):

> To place upon the state the burden of proving that the defendant is able to pay is unreasonable. Much of the information which the state would need to prove such ability to pay is either protected by privacy laws or protected by his Fifth Amendment right against self-incrimination. The appellant him-

self has knowledge of where and when he worked, how much he earned, the extent of his property, and what other expenses he had. He can fairly be required to adduce such evidence to support an affirmative defense of lack of ability to pay.

Allocating this burden to Duprey does not impermissibly shift the burden of proving an element of the crime. In *Davis,* the court upheld a conviction for nonsupport under an Indiana statute that made inability to pay an affirmative defense. The defendant claimed that the statute impermissibly shifted the burden of proof to him in violation of his rights to due process. The due process clause requires the state to prove all elements included in the definition of the offense. *Id.* at 1421. A state may require a defendant to prove an affirmative defense provided it does not serve to negate any elements of the crime that the state is to prove in order to convict. *Id.*

The seventh circuit concluded that proof of one's ability to pay is not an element of the offense, and therefore it was constitutionally permissible to require the defendant to prove inability to pay as an affirmative defense. In doing so, it observed:

Physical inability to perform an affirmative duty is statutorily recognized as a defense which negates criminal responsibility. Since "justification" defenses are not based on the nonexistence of any essential element of the offense, but rather on circumstances which make the accused's conduct excusable on policy grounds, such defenses should be treated as affirmative defenses which the accused must establish by a preponderance of evidence. ... Nevertheless, there is a logical distinction between those defenses which actually defeat an essential *element* of the offense and those defenses which

> present exculpatory circumstances that defeat cul-
> pability despite the state's proof beyond a reason-
> able doubt of all the essential elements.

*Id.* at 1426 n. 3 (citations omitted).

█

Although *Davis* involves a child support order based upon a sum certain rather than a percentage of the payor's income, we are convinced that the reasoning is equally persuasive here. Thus, we conclude that even in a case where the child support order is set in terms of a percentage of one's income, to interpret sec. 940.27 to require the defendant to show his inability to provide child support does not unconstitutionally shift the burden to him. Accordingly, we reverse the order and remand to the trial court with directions to reinstate the felony charge.

*By the Court.*—Order reversed and cause remanded with directions.

MYSE, J.    (concurring). I write separately because I believe my brethren have reached conclusions on issues not raised by the facts of the case and have put forth a proposition of law so general that it creates more problems than it purports to resolve.

This case involved the prosecution of a violation of a court order. The criminal complaint and the preliminary hearing all revolved around the alleged violation of a court order requiring the defendant to pay child support in the amount of 25% of his gross income. While in some abstract sense it may be true that an individual who fails to make support payments even without a court order may be prosecuted under this section, such a fact situation is not before us, and we

need not address it. To address it here is both unwise and unnecessary.

The evidence disclosed that the defendant had some nominal income during the period in question from doing odd jobs, running a tavern, and painting for a friend. This is sufficient evidence to demonstrate that he violated the court order since it was uncontested that no payment of any amount was received during this period of time. That is all that is required for the state to proceed with a felony prosecution. The defense of inability to pay may be raised by the defendant since he contends that the earnings from these activities were insufficient to allow him to make the required payments.

The trial court read the statute to require that the court order be violated each month for 120 consecutive days and that such a violation could only occur if he had 120 days of employment. I agree with the majority that the court erred in its construction of the statute. The statute should be interpreted to provide that a violation of a court order, even if it involves only one month of nonpayment, which persists for 120 days, is sufficient for the nonpayment to be charged as a felony.