STATE of Wisconsin, Plaintiff-Respondent,

v.

Bill SCHLEUSNER, Defendant-Appellant.

Court of Appeals

*No. 89-1444-CR. Submitted on briefs December 14, 1989.—Decided February 27, 1990.*

(Also reported in 454 N.W.2d 51.)

For defendant-appellant there were briefs by *William E. Schmaal,* Madison.

For plaintiff-respondent there was a brief by *Donald J. Hanaway,* attorney general and *David J. Becker,* assistant attorney general of the *Wisconsin Department of Justice,* Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Bill Schleusner appeals his conviction for nonsupport, contrary to sec. 940.27(2), Stats. (1985–86). He argues that the jury instructions unconstitutionally relieved the state of its burden to prove intent and to prove his inability to pay support. Schleusner also argues that there was insufficient evidence to support the guilty verdict. We conclude that the jury instructions did not relieve the state of its burden of proof and that there was sufficient evidence to support the verdict. We affirm the conviction.

After Schleusner's divorce, his former wife retained custody of their three children and he was ordered to pay $145 per month child support. Schleusner made no payments between July 20, 1985, and June 30, 1986. Schleusner's former employer testified that on August 2, 1985, Schleusner voluntarily terminated his job at a dairy farm where he was earning room and board plus $125 per week. The employer testified that a few days after Schleusner learned that the employer was to deduct $145 per month from his wages for payment of his child support obligations, Schleusner chose to quit his job

823

without explanation. The employer testified that she would have continued to employ him.

From November 1985 until May 1986, Schleusner received welfare. In May 1986, he started employment at Wayne's Palletts, Inc., at $3.50 per hour for forty hours per week. Schleusner voluntarily terminated his employment with Wayne's on July 26, 1986, after learning that child support payments were to be withheld from his paycheck. The employer testified that Schleusner left voluntarily and without explanation, but she also would have continued to employ Schleusner had he not quit. After a jury trial, Schleusner was found guilty of nonsupport, pursuant to sec. 940.27(2), Stats. (1985–86).

I

Schleusner first argues that the jury instructions unconstitutionally relieved the state of its burden to prove intent. We conclude that the jury instructions incorporated a permissive inference that was rationally based, and therefore did not relieve the state of its burden to prove intent.

In order to obtain a conviction, the state is required to prove beyond a reasonable doubt every element of the charged offense. *See Muller v. State,* 94 Wis. 2d 450, 473-74, 289 N.W.2d 570, 582 (1980). "Intent" is an element of the offense of felony nonsupport under sec. 940.27, Stats. (1985–86). Section 940.27(2), Stats. (1985–86), provides that "any person who intentionally fails for 120 or more consecutive days to provide . . . child support which the person knows or reasonably should know the person is legally obligated to provide is guilty of a Class E Felony."[1]

---

[1]Section 940.27, Stats. (1985–86), has been amended and

■ Section 940.27(4), Stats. (1985–86), defines prima facie evidence of intentional failure to provide support as failure to pay any child support payment required under a court order.[2] The jury was instructed as follows:

> Evidence has been received that the defendant failed to pay support payments required by a court order. If you are satisfied beyond a reasonable doubt that the defendant failed to pay support payments required by a court order, you may find that the failure to provide support was intentional but *you are not required to do so.* You must not find that the failure to support was intentional unless you are so satisfied beyond a reasonable doubt from all the evidence in the case. (Emphasis added.)

Schleusner argues that the incorporation of the presumption created by sec. 940.27(4), Stats. (1985–86), into the jury instructions violated his rights to due process because the jury instruction may have been interpreted as relieving the state of its burden to prove intent beyond a reasonable doubt. We review the validity of a statutory presumption such as the one involved here as applied to the record before this court. We do not review the statutory presumption on its face. *See County Court v. Allen,* 442 U.S. 140, 161–63 (1979).

---

renumbered sec. 948.22, Stats., effective July 1, 1989, by sec. 33, 1987 Wis. Act 332.

[2]Section 940.27(4)(a), Stats. (1985–86), provides:

> Before January 1, 1990, under this section, the following is prima facie evidence of intentional failure to provide child, grandchild or spousal support:
> (a)  Before January 1, 1990, for a person subject to a court order requiring child, grandchild or spousal support payments, failure to pay any child, grandchild or spousal support payment required under the order.

The jury instruction here created a permissive inference. A permissive inference allows, but does not require, the trier of fact to find an element of the crime from proof of another fact. It places no burden on the defendant. *State v. Vick,* 104 Wis. 2d 678, 693, 312 N.W.2d 489, 496 (1981) (citing *Allen,* 442 U.S. at 157). A permissive inference is invalid only where there is no rational connection between the proven facts and the inferred facts. *Id.* at 694-95, 312 N.W.2d at 497. In determining whether there is a rational connection, the test is whether the ultimate fact inferred is more likely than not to flow from the basic fact proved. *Allen,* 442 U.S. at 165. A jury may find a presumed fact based upon the rational inferences from basic facts that themselves must be proved beyond a reasonable doubt. *State v. Dyess,* 124 Wis. 2d 525, 548, 370 N.W.2d 222, 234 (1985).

The connection between the proven fact and the fact to be inferred was rational. Intent may be inferred from one's conduct. *State v. Stewart,* 143 Wis. 2d 28, 35, 420 N.W.2d 44, 47 (1988). It is more likely than not that one intends what one does. Also, the instructions did not require the jury to reach any specific result. Instead, the jury was directed to assess the evidence independently and to accept or reject the inference based upon the strength of the evidence presented. *See* sec. 903.03(3), Stats. (1985-86).

We conclude that no reasonable jury could have misinterpreted the instruction. Because the instructions allowed the jury to independently assess the evidence, and because the connection between the basic fact proved and the fact to be inferred was rational, the

instructions did not unconstitutionally relieve the state of its burden to prove intent beyond a reasonable doubt.

## II

Next, Schleusner argues that the jury instructions relieved the state of its burden to prove beyond a reasonable doubt that he had the ability to pay after he raised the affirmative defense. We disagree. The jury instruction properly allocated this burden to the state after Schleusner presented evidence that he had received welfare and therefore lacked ability to pay support.

In *State v. Duprey,* 149 Wis. 2d 655, 439 N.W.2d 837 (Ct. App. 1989), this court held that no constitutional violation resulted from requiring the defendant to demonstrate the existence of the affirmative defense of ability to pay.[3] Accordingly, the state was not required to disprove the existence of the affirmative defense in order to show a prima facie case. *Id.* at 659-60, 439 N.W.2d at 839.

However, once the defendant demonstrates the existence of an affirmative defense, Wisconsin law, independent of the federal due process requirements, requires the state to bear the burden of disproving the asserted defense beyond a reasonable doubt. *Moes v. State,* 91 Wis. 2d 756, 765, 284 N.W.2d 66, 70 (1979); sec. 939.70, Stats.

---

[3]Section 940.27(6), Stats. (1985–86), provides in part:

[A]ffirmative defenses include but are not limited to inability to provide . . . support. A person may not demonstrate inability . . . if the person is employable but, without reasonable excuse, either fails to diligently seek employment, terminates employment or reduces his or her earnings or assets.

The trial court properly instructed the jury with respect to the state's burden of proof:

> Evidence has been received that the defendant lacked abilities to provide support. Before you may find the defendant guilty, *the state must prove by evidence which satisfies you beyond a reasonable doubt that the defendant had the ability to provide support or by working would have had the ability to provide support,* but intentionally failed to do so to the extent of his ability. A person may not demonstrate inability to provide child support if the person is employable but without reasonable excuse, either fails to diligently seek employment, terminates employment, or reduces his or her earnings. (Emphasis added.)

The instruction correctly allocated the state's burden of proof and stated the circumstances when the affirmative defense is unavailable. *See* sec. 940.27(6), Stats. (1985–86). We discern no error.

### III

Finally, we address Schleusner's argument that there was insufficient evidence at trial to support his felony nonsupport conviction beyond a reasonable doubt. Schleusner argues that his failure to pay pursuant to the court order was not indicative of his intent. Schleusner further argues that although he quit his farmhand job, the state failed to show the job would have been available for a total of 120 days. He contends that because he qualified for public assistance from November 8, 1985, through March 31, 1986, he demonstrated inability to pay for the entire eleven-month period (July 20, 1985–June 30, 1986) under prosecution. He claims that no 120-consecutive-day period existed during which

he had the ability to pay. In addition, he argues that his voluntary termination of the woodworking job was immaterial because he quit after the time period for which he was charged had expired.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could find that the state proved the essential elements of the crime of felony nonsupport beyond a reasonable doubt. *See Bautista v. State,* 53 Wis. 2d 218, 223, 191 N.W.2d 725, 728 (1981). Whether Schleusner's failure to pay was intentional was an issue for the jury. The jury was entitled to consider all the facts and circumstances in determining Schleusner's intent. That Schleusner voluntarily and without reasonable excuse quit two jobs shortly after he learned that child support payments were to be withheld and made no payments for an eleven-month period, despite the court order, is certainly indicative of Schleusner's intent. That Schleusner quit the woodworking job subsequent to July 26, 1986, may not be relevant to the issue of ability to pay before that date, but it is relevant to intent during the time period for which he was charged.

The jury was not required to find that because he received public assistance, he lacked the ability to make the required payments. The record showed that Schleusner was healthy and capable of doing work. The evidence was sufficient for the jury to believe that Schleusner avoided employment for the purpose of intentionally avoiding his support obligations.

Also, the state is not required to demonstrate that Schleusner's job as a farmhand would have been available for 120 consecutive days. The affirmative defense of inability to pay is unavailable to one who is employable but, without reasonable excuse, voluntarily terminates

his employment. Sec. 940.27(6), Stats. (1985–86). The statute does not require that the inability to pay exists for any period of time or that voluntary termination of employment involves a job that would exist for some defined period in the future.

Here, there was undisputed evidence that Schleusner voluntarily terminated his dairy farm job without explanation, although he was capable of working. This evidence was sufficient to preclude Schleusner from escaping liability on the basis of the affirmative defense. Without proof that his employment would terminate in the future, the state was not required to show ability to pay for 120 days or any time period whatsoever once it demonstrated that Schleusner voluntarily terminated his employment.

*By the Court.*—Judgment affirmed.