Jeffery WOODBERRY v. STATE of Arkansas

CA CR 90-210 811 S.W.2d 339

Court of Appeals of Arkansas
Opinion delivered July 3, 1991

*Don E. Glover*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

 MELVIN MAYFIELD, Judge. Jeffery Woodberry has appealed a conviction of failing to support his dependent spouse. Appellant was first convicted in Crossett Municipal Court. He then appealed to the Ashley County Circuit Court. Upon an appeal from municipal court to circuit court, a defendant "shall be tried anew as if no judgment had been rendered." Ark. Code Ann. § 16-96-507 (1987). *See also Hogan* v. *State*, 289 Ark. 402, 712 S.W.2d 295 (1986). This means that the trial in circuit court is de novo; the parties are in the same position as if there had been no trial in municipal court; all the evidence must be produced anew in circuit court; and the decision in circuit court must be based on the evidence introduced in that court. *Strickbine* v. *State*, 201 Ark. 1031, 148 S.W.2d 180 (1941).

This case was tried in circuit court without a jury in February of 1990. The evidence and the court's ruling is abstracted in appellant's brief as follows:

*Direct Examination of Donna Woodberry*

I am Donna Woodberry; married Jeffery Woodberry in November 1987. We separated in May or June 1989. I can not work because I have high blood pressure and back problems. (T. 28-29) Mr. Woodberry does not work and has not supported me since our separation. He works for Carl J. Bierbaumb when he is able to work. (T. 30)

I have had to go the doctor three (3) times since our separation. I worked a little while we were living together and quit because he didn't want me working at night. (T. 33)

*Cross Examination of Donna Woodberry*

I have not filed for Social Security and am not under the care of a doctor. I just have to take high blood pressure medicine. (T. 33)

Mr. Woodberry has been ill or sick as a result of an injury, and I don't know whether he is drawing compensation or not.

. . . .

*Redirect Examination of Donna Woodberry*

I received $162.00 per month for AFDC for my little girl, and Mr. Woodberry is not the father. (T. 39)

*Findings, Application of Law and Judgment*

The Court: Now, its the order of the court that the order of the Municipal Court of Crossett be affirmed. I don't know what Mr. Woodberry's condition is, but if he has been injured on the job, certainly he is drawing compensation. Now, Mrs. Woodberry is entitled to the same type of support as long as she's married to Mr. Woodberry and he is able to provide that support. I have no proof here that he is not able, so the Municipal Judge's judgment will be affirmed. (T. 42)

The offense of which appellant was convicted is set out in Ark. Code Ann. § 5-26-401 (1987) as follows:

(a) A person commits the offense of nonsupport if, without just cause, he fails to provide support to:

(1) his spouse who is physically or mentally infirm, or financially dependent; . . . .

The only argument for reversal is that the evidence is insufficient to sustain the conviction. Appellant contends he was found guilty on evidence which did not establish that he was able to work or had any source of income. The appellant says "speculation cannot serve as a substitute for proof," and his conviction should be reversed. He also contends that the trial court has erroneously shifted the burden of proof to appellant.

The state responds by citing *Nelke* v. *State*, 19 Ark. App. 292, 295, 720 S.W.2d 719 (1986), which held that the phrase

"without just cause," used in Ark. Code Ann. § 5-26-401(a), means "the inability to pay," and that the inability cannot be brought about intentionally and willfully by the defaulting party. The state also argues that it introduced evidence from which the trial court could find that the appellant had the duty and ability to provide support to his spouse but had failed to do so. The state does not think it should be required to "negate any possible excuses for nonpayment" because this "would create a burden it could never meet." Our case of *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988), and the case of *Wisconsin v. Duprey*, 149 Wis. 2d 655, 439 N.W.2d 837 (Wis. Ct. App. 1989), are cited in support of the state's position.

In *Reese* the issue was whether the defendant's suspended sentence should be revoked for inexcusably failing to make monthly payments on his restitution and fine as required by the conditions of his suspension. We said "once the state has introduced evidence of non-payment, the burden of going forward does shift to the defendant to offer some reasonable excuse for his failure to pay." 26 Ark. App. at 44. The case of *Wisconson v. Duprey* relied upon *Davis v. Barber*, 853 F.2d 1418 (7th Cir. 1988), for the statement in *Duprey* that "[a] state may require a defendant to prove an affirmative defense provided it does not serve to negate any elements of the crime that the state is to prove in order to convict." 439 N.W.2d at 839.

In reaching our decision in the present case, we do not need to discuss the question of "shifting the burden of proof" or the problems associated with requiring a defendant to prove an affirmative defense. Here, the case was tried without a jury and the question before us is whether there is substantial evidence to support the appellant's conviction. On appeal in criminal cases, whether tried by a judge or jury, we review the evidence in the light most favorable to the state and affirm if there is any substantial evidence to support the trial court's judgment. *Ryan v. State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990). Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* Based upon our standard of review, we do not believe the judgment in this case is supported by substantial evidence.

According to *Nelke* v. *State*, *supra*, the phrase "without just cause," used in Ark. Code Ann. § 5-26-401, means "the inability to pay" and that cannot be brought about "intentionally and willfully." There is testimony in the record to support a finding that the appellant and his spouse were separated, that she was dependent, and that he had not supported her since the separation. However, on the issue of whether he had the ability to pay and whether any inability in that regard was intentionally or willfully caused by appellant, the evidence produced by the state simply is not, in our judgment, "of sufficient force and character that it will, with reasonable certainty, compel [the trial judge's conclusion] without resorting to speculation or conjecture."

The problem is that appellant's spouse testified that appellant "has been ill or sick as a result of an injury, and I don't know whether he is drawing compensation or not." She also testified that "he works for Carl J. Bierbaumb when he is able to work." Obviously that testimony will not support a finding that appellant has been intentionally or willfully failing to work. And as to whether the appellant has been drawing some kind of compensation while he has been unable to work—the trial judge's finding that "if he has been injured on the job, certainly he's drawing compensation" is clearly speculation or conjecture. Although appellant's spouse testified he had been ill or sick as a result of an injury, we do not know whether or not the injury was job-related. And even if it was job-related, we can take judicial notice of the fact that there are reasons why one who is hurt on the job may not draw compensation. Therefore, we do not think the trial court's decision is supported by substantial evidence.

In *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), the court held that where the appellate court finds the evidence insufficient to support the judgment of conviction it would be double jeopardy to allow the case to be tried again.

Reversed and dismissed.

CRACRAFT, C.J., agrees.

JENNINGS, J., concurs.