Willie BURTON *v.* STATE of Arkansas

CR 95-1234 937 S.W.2d 634

Supreme Court of Arkansas
Opinion delivered January 21, 1997

*Marc Honey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Following a bench trial, appellant Willie Burton was convicted of aggravated assault and felon-in-possession-of-a-firearm. He was sentenced to a term of ten years with five suspended on the first charge and to a ten-year suspended sentence on the second charge. His two points on appeal concern the validity of his waiver of a jury trial and the admissibility of evidence relating to a previous conviction for forgery and to prior bad acts. The case was certified to this court by the Arkansas Court of Appeals because of the jury-trial issue. We affirm the trial court's judgment.

On July 31, 1994, Burton and other members of a motorcycle club named the Hornets were sitting on their motorcycles in front of the home of Gloria Mask in Magnolia. She had asked the club members to leave. Terry Cooper, while driving his mother's van, attempted to drive around the motorcycles and bumped one of them. Gloria Mask observed Burton pull a pistol and shoot at the van. Other witnesses at the bench trial confirmed the shooting. There was no evidence presented that bullets hit the van. No pistol or bullets or cartridges were recovered by the Magnolia Police Department. A gunshot-residue test performed on Burton was negative. Burton's defense was that no gunshots were fired and that the sounds heard by the State's witnesses were caused by backfiring motorcycles.

Burton first complains that he did not properly waive his right to a jury trial because the waiver was not in open court or in writing as required by Ark. R. Crim. P. 31.2. The facts sur-

rounding the waiver are these. Prior to commencement of trial and either during or after jury selection, a hearing was held in the judge's chambers. The reason for the hearing in chambers, according to Burton's counsel, was that he did not want the jury panel to overhear, and thus be prejudiced by, Burton's verbal statements to him. Apparently, the subject of Burton's statements in the courtroom was his reluctance to have his case tried to a jury. Once in chambers, Burton made it absolutely clear that he wished to have his case tried to the circuit judge and not the jury because he feared a jury would "automatically" conclude he was guilty and "railroad" him. The trial court admonished Burton that he was "giving up one of the most precious rights that anybody has in this country." Burton concluded that he wanted to take his "chances" with the trial judge. The judge then dismissed the jury, and a bench trial ensued.

 The Sixth Amendment to the United States Constitution and our State Constitution guarantee an accused the right to a speedy and public trial by an impartial jury. U.S. Const. amend. VI; Ark. Const. art. 2, § 10. Our State Constitution further mandates that "[t]he right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury may be waived by the parties in all cases in the manner prescribed by law . . . ." Ark. Const. art. 2, § 7; *See also Winkle v. State,* 310 Ark. 713, 715, 841 S.W.2d·589, 590 (1992). The procedure for waiver of a jury in a criminal matter is set out in Ark. R. Crim. P. 31.2:

> Should a defendant desire to waive his right to trial by jury, he may do so by either (1) personally *in writing or in open court,* or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved.

Ark. R. Crim. P. 31.2 (emphasis added). *See also Calnan v. State,* 310 Ark. 744, 841 S.W.2d 593 (1992); *Winkle v. State, supra.*

In *Bolt v. State,* 314 Ark. 387, 862 S.W.2d 841 (1993), the defendant's counsel stood in open court and waived his client's right to a jury with his client at his side. The rule at that time did

not provide for a waiver by counsel but rather required that a defendant waive the right personally or through a writing. This court distinguished *Calnan v. State, supra,* and *Winkle v. State, supra,* in the *Bolt* decision for the reason that in those cases the respective records did not reflect that the accused affirmatively waived his right to a jury trial. However, in *Bolt,* an affirmative waiver was made by counsel with his client present. Accordingly, we held that the waiver in *Bolt* was sufficient. *See also Johnson v. State,* 314 Ark. 471, 863 S.W.2d 305 (1993).

■ In the present case, the sole reason for moving into chambers was to protect Burton from himself and from his loud pronouncements which could have tainted the jury. All parties were present in chambers as was the trial judge. The court reporter reported what transpired. The public was not excluded from the proceeding. Of course, the circuit judge had the option of removing the jury from the courtroom and hearing the matter there, or removing the matter to chambers. He chose the latter course of action which was the less cumbersome in that it did not require relocating the jury during the hearing. *See People v. Hancasky,* 410 Ill. 148, 101 N.E.2d 575 (1951) (appropriate for trial judge to take a plea of guilty and enter judgment of conviction in chambers due to seated jury in courtroom, where public not excluded from chambers).

■ We observe that several jurisdictions have held that a trial conducted in the judge's chambers and not the courtroom may still be a public trial so long as the public has freedom of access. *See, e.g., Caudill v. Peyton,* 209 Va. 405, 164 S.E.2d 674 (1968); *People v. Cash,* 52 Cal.2d 841, 345 P.2d 462 (1959). *See generally Place of Holding Sessions of Trial Court as Affecting Validity of Its Proceedings,* 18 A.L.R.3d 572 (1968). There is, too, the point that Burton should not be allowed to cause the proceedings to shift to chambers because of his conduct and then argue that the change of location was not proper. We hold that under these facts what transpired in the trial judge's chambers with respect to Burton's waiver of a jury trial satisfied the requirement that the waiver occur in open court.

For his second issue, Burton complains that the prosecutor inappropriately impeached him on cross-examination (1) with references to disciplinary actions in prison while he was serving his prison term for forgery, and (2) with the forgery conviction itself. He relies on Rule 404 of the Arkansas Rules of Evidence as authority for excluding the disciplinaries which he contends are merely inadmissible prior bad acts, and Rule 609 of the same Rules as preventing cross-examination on the forgery conviction due to the expiration of ten years from the date of his release.

■ Neither argument is preserved for our review. First, with respect to the disciplinary actions Burton was asked on cross-examination about "at least" 50 disciplinary proceedings against him while in prison which caused him to serve more of his prison sentence. Burton answered that the prison was full of "lying folks" and then added: "I'm not denying it; I got a bunch of them, plenty of them." At that point, his counsel objected, but Burton went on and repeated that he had gotten "a bunch of them." A colloquy followed with counsel and the trial judge over Rule 404's preclusion of prior bad act testimony. The prosecutor then stated that he would move on, and the trial judge thanked him. Burton, however, continued to talk about his disciplinaries. The prosecutor made reference to "a ruling," but it is clear from the record that Burton's counsel obtained no ruling from the trial judge on this point. It was Burton's duty to have the trial judge rule on his objection in order to preserve this issue for our consideration on appeal. *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996); *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994); *Patrick v. State*, 314 Ark. 285, 862 S.W.2d 239 (1993). His failure to do so is fatal to his appeal in this regard.

■ The same is true for his Rule 609 argument pertaining to impeachment by his forgery conviction. It is not preserved due to the fact that Burton did not argue to the trial judge that use of the forgery conviction for impeachment purposes was prevented because the date of his release from prison had not been proven by the prosecutor. Arguments raised for the first time on appeal are not preserved for review. *Wallace v. State*, 326 Ark. 376, 931 S.W.2d 113 (1996); *Brown v. State*, 326 Ark. 56, 931 S.W.2d 80 (1996). Moreover, the date of his release from prison — 1988 —

was elicited by the prosecutor from Burton on cross-examination. This point is wholly without merit.

Affirmed.