Dyrong GODBOLD *v.* STATE of Arkansas

CR 98-812                                      983 S.W.2d 939

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*Ann C. Hill* and *Morse U. Gist*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee.

LAVENSKI R. SMITH, Justice. Appellant, Dyrong Godbold, appeals his conviction for capital murder from the Garland County Circuit Court. He alleges that the trial court committed three reversible errors in rulings it made adverse to him. We disagree and affirm the trial court's rulings.

James Rogers was found dead early on September 21, 1997, apparently from stab wounds. Police discovered the deceased's pickup truck later the same day. Following an investigation, police arrested Godbold on September 23, 1997, and subsequently charged him with robbery and capital murder. Police also arrested his girlfriend, Jamee Knippers, and charged her as an accomplice.

## I

Appellant first contends that the court erred by admitting into evidence an incriminating statement he made while in the State's custody. The trial court ruled correctly. Appellant gave the statement in question to Jackson Jones, a hearing officer for the Arkansas Post Prison Transfer Board. Apparently, Mr. Godbold was on probation at the time of his arrest. On October 28, 1997, Mr. Jones conducted a hearing on whether Mr. Godbold's parole should be revoked ostensibly due to his capital murder charge. Mr. Jones's testimony indicates that generally the parolee, his parole officer, and any witnesses either wishes to call are present. Following Detective Steve Cooley's testimony regarding the charge, Jones placed Mr. Godbold under oath and offered him the opportunity to speak but indicated to him he did not have to do so. Appellant chose to speak. He volunteered information about his encounter with murder victim James Rogers on the night of September 20, 1997. He stated that he and decedent argued over a drug deal, struggled, then parted with decedent leaving on foot and appellant in decedent's truck. He indicated he drove the victim's vehicle, picked up his girlfriend in it and left the area. He also gave exculpatory statements in his girlfriend's behalf.

It is undisputed that Godbold was not given formal·Miranda warnings before his statement. He also spoke without counsel present. Appellant contends that because he was not advised of his Miranda rights prior to his inculpatory statements that they should have been excluded from evidence in his trial. On April 6, 1998, one day prior to trial, the court held a hearing exclusively on the issue of the admissibility of appellant's statement. At its conclusion, the court denied his motion. This appeal arises principally from that denial. The trial court permitted the introduction of Jones's testimony on the following bases: (1) appellant was not under police interrogation, (2) no questions were asked, and (3) appellant intelligently, knowingly, and voluntarily made the statements. On appeal, appellant cites no controlling or persuasive authority which would indicate that the court's refusal to exclude his inculpatory statement was erroneous given the facts of the instant case.

■ ■  This court examines the totality of circumstances to determine whether a trial court properly admitted a defendant's statement. *McCoy v. State*, 325 Ark. 155, 925 SW2d. 321, (1996). Miranda warnings are only necessary when a statement is made during a custodial interrogation. *Weber v. State*, 326 Ark. 564, 933 S.W.2d 370 (1996). When appellant gave a voluntary, unsolicited statement regarding events surrounding the commission of the crime with which he was charged to a parole hearing officer, he did so at his own peril. The undisputed facts in this case are that Jackson Jones informed appellant of his opportunity to speak in response to the State's revocation motion. There is no evidence that indicates he was coerced or compelled to speak. He freely chose to do so. The trial court therefore did not err in admitting his statement into evidence.

*II*

Appellant contends the trial court abused its discretion when it denied appellant's motion for continuance. It did not. Appellant's girlfriend, Jamee Knippers, was charged as an accomplice with appellant in the murder of James Rogers. She pleaded inno-

cent to the charge and maintained her plea up until the day before the trial. At that time she changed her plea and agreed to testify for the State at trial. Upon discovery of this turn of events, appellant made an oral motion to the court for a continuance contending an adequate defense could not be prepared without knowledge of her intended testimony. The court denied the motion.

■ ■ We will not reverse a trial court's denial of a continuance motion in the absence of abuse of discretion. *Ferrell v. State*, 325 Ark. 455, 929 S.W.2d 697 (1996). Under our rules the court may grant a continuance only upon a showing of good cause and only for so long as necessary. Ark. R. Crim. P. 27.3 (1998). The appellant failed to make a showing of necessity in that he was aware for quite some time that Ms. Knippers might change her plea. He also knew that the court could not compel her to answer his questions. The court's and appellant's actions at trial further demonstrate that no prejudice resulted from the denial. Following the State's direct examination of Ms. Knippers, the court offered appellant the opportunity to recess for the day before cross-examining her, thus giving appellant the benefit of the evening to prepare with knowledge of her testimony. Appellant refused the offer and conducted his cross-examination in short order giving no indication whatever that more time would have produced a more favorable outcome. From the facts contained in the abstract the court's decision was far from an abuse of discretion and appears eminently reasonable.

*III*

Appellant's final point of alleged reversible error was the court's denial of appellant's request for mistrial. Appellant bases this contention upon an inadvertent statement of the deputy prosecutor during closing arguments where in his summation he said,

> I want you to remember the testimony of Jamee Knippers. When Dyrong picked her up in the truck, he did not complain of any physical injury. He was not injured. That is inconsistent with what he told the parole — with what he told Jackson Jones

and with what he told Jaime when he got back in the vehicle, "I was in a fight."

Appellant objected to this statement because it was a reference to the occupation of witness Jackson Jones. Mr. Jones was the parole board hearing officer who earlier testified about the defendant's inculpatory statement. Appellant contends that such a reference, albeit unintentional, constituted an impermissible attempt to prove a prior conviction to bolster the prosecution's case under Rule 609 of the Arkansas Rules of Evidence, thus entitling the appellant to a mistrial. We disagree.

A mistrial is a drastic remedy to which the court should resort only when there has been an error so prejudicial that justice cannot be served by continuing the trial. It should only be ordered when the fundamental fairness of the trial itself has been manifestly affected. *King v. State*, 317 Ark. 293, 877 S.W.2d 583 (1994); *Kemp v. State*, 324 Ark. 178, 198, 919 S.W.2d 943, 952, (cert. denied), 117 S.Ct. 436 (1996).

In the instant case, the reference to the witness's relationship to the defendant through the parole system was accidental. The prosecutor quickly moved from the point and little, if any, inference could be drawn by the jury about the defendant's prior crimes. Moreover, upon appellant's motion for mistrial, the court offered to and did admonish the jury to disregard any reference to any title of Jackson Jones. The court's admonition cured what prejudice, if any, created by the prosecutor's slip of the tongue. The court's mistrial motion denial did not constitute an abuse of discretion.

Affirmed.