Jerry Shelton DYE *v.* STATE of Arkansas

CA CR 99-1023 17 S.W.3d 505

Court of Appeals of Arkansas
Division IV
Opinion delivered May 31, 2000

*Ben Beland,* Public Defender, for appellant.

*Mark Pryor,* Att'y Gen., by: *James R. Gowen, Jr.,* Ass't Att'y Gen., for appellee.

M ARGARET MEADS, Judge. Jerry Dye was convicted by a Sebastian County jury of stalking in the second degree and sentenced to 120 months in the Arkansas Department of Correction. On appeal, he argues that the trial court erred (1) in denying his motion for directed verdict; (2) in denying his motion for a continuance; and (3) in admitting evidence of guns and ammunition which was irrelevant to the crime charged and was more prejudicial than probative. We affirm.

A motion for a directed verdict is a challenge to the sufficiency of the evidence, which we consider before any other points on appeal. *Smith v. State,* 68 Ark. App. 106, 3 S.W.3d 712 (1999). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* In determining whether a finding of guilt is supported by substantial evidence, we review the evidence, including any that may have been erroneously admitted, in the light most favorable to the verdict. *Willingham v. State,* 60 Ark. App. 132, 959 S.W.2d 74 (1998). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resort to speculation or conjecture. *Dodson v. State,* 341 Ark. 41, 14 S.W.3d 489 (2000).

At trial, the victim, Mary Komp, testified that she and appellant began a sexual relationship in 1992 while they were co-workers at St. Edward's Hospital. Komp was married at the time to Fred Komp. After six or eight months, Komp attempted to discontinue the relationship, but appellant resisted. Appellant continued to pursue Komp to the point that she reported his actions to their employer, and in July 1993 he was terminated as a result of his conduct. Appellant continued to call Komp both at work and at home, any time of day or night, and she continued to talk to him, although she claimed she asked him to stop calling her and did not want an intimate relationship with him. Appellant continued to follow Komp, and she testified that a couple of times, when it got

more intense, appellant told her that he "would find Fred on whatever job he was on and he would kill him."

On February 5, 1998, appellant called Komp at work, and they began to argue about whether she would visit him on his birthday. Komp terminated that conversation and refused to take his subsequent calls, and she spoke to her supervisor about the problems she was having with appellant. Her supervisor allowed her to leave work to file an incident report with the police. Officers Bill Hollenbeck and Chris Johnson followed Komp back to work, and they set up surveillance and recorded appellant's conversations with Komp. After several conversations with appellant, Komp told him that if he did not leave her alone she would have him arrested, to which he replied, "you don't want to do that 'cause eventually I'll get out." Komp told him that his threats would not hurt her anymore, to which appellant replied, "you ain't doin' nothing like that. You can get me arrested but that'll be the last thing you do." Komp testified that she understood the latter statement to mean that appellant would hurt her or her family.

In his motion for directed verdict, appellant argued that the stalking statute required an express threat of physical injury and that the threat he made to appellant on February 5, 1998, was ambiguous, vague, and inadequate to prove that he intended physical injury. On appeal, appellant argues not only that he did not threaten physical injury but also that the State failed to prove that the victim felt imminent fear as a result of his actions or that he had engaged in a course of conduct. We will not consider an argument raised for the first time on appeal; a party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998). Therefore, the only argument we will consider is whether the State failed to prove appellant had threatened physical injury to the victim or her immediate family.

A person commits stalking in the second degree if he purposely engages in a course of conduct that harasses another person and makes a terroristic threat with the intent of placing that person in imminent fear of death or serious bodily injury or placing that person in imminent fear of the death or serious bodily injury of his or her immediate family. Ark. Code Ann. § 5-71-229(b)(1) (Repl. 1997). A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in

conduct of that nature or cause such a result. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000). Because of the obvious difficulty in ascertaining the actor's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his acts, and the factfinder may draw upon common knowledge and experience to infer the defendant's intent from the circumstances. *Id.*

■ Mary Komp testified that appellant called her repeatedly and persistently after she tried to terminate the relationship, and threatened at one point to find her husband and kill him. Moreover, after arguing on February 5, appellant told her, "You can get me arrested but that'll be the last thing you do." While appellant claims the latter statement was an "implied" threat, we disagree. We believe appellant expressly threatened to harm both Mary Komp and her husband, and that there was substantial evidence that appellant placed Komp in imminent fear of death or serious bodily injury both to herself and to a member of her immediate family. *See Wesson v. State*, 320 Ark. 380, 896 S.W.2d 874 (1995). Therefore, the trial court did not err in denying appellant's motion for directed verdict.

Appellant next contends that the trial court erred in denying his motion for a continuance when the State withdrew an agreement concerning the admission of evidence on the day of the trial. After hearing the February 5, 1998, taped telephone conversations between Komp and appellant, Officers Hollenbeck and Johnson set up surveillance of appellant. Officer Johnson observed appellant entering Wal-Mart and exiting a short time later with a small bag. After leaving Wal-Mart, appellant drove toward Komp's house; a short distance from her home, officers arrested appellant for stalking. When his vehicle was searched, officers found that the Wal-Mart bag contained a box of .223 caliber ammunition. Appellant then consented to a search of his home, and the officers found an AR-15 assault rifle, which uses .223 caliber ammunition. In a taped interview, appellant told the police that he had purchased the rifle two days before and was preparing to go shooting with some friends that weekend, so he had purchased the ammunition. Appellant averred that he never had an intention of using the gun on either Komp or himself and that he had no intention of hurting Komp.

Appellant filed a motion in limine to exclude all evidence of the use or possession of guns or ammunition on the basis that such evidence was irrelevant. Three days before trial, the State agreed to redact all references to guns and ammunition from appellant's taped interview. However, the State also redacted the statement that appellant had no intention of hurting Komp. On the morning of trial, appellant argued that statement was exculpatory and should not have been redacted. The State contended that if appellant objected to the redacted statement, then the entire statement should be played; the trial court agreed. Appellant moved for a continuance, claiming prejudice due to the State's late withdrawal of its agreement. He said he had prepared for trial believing there would be no mention of guns and ammunition and had decided not to call certain witnesses because their testimony would not be needed. The trial court denied the motion.

 The grant or denial of a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Anthony v. State*, 339 Ark. 20, 2 S.W.3d 780 (1999). Under our rules the court may grant a continuance only upon a showing of good cause and only for so long as necessary. *Godbold v. State*, 336 Ark. 251, 983 S.W.2d 939 (1999). When a motion for continuance is based on a lack of time to prepare, the appellate court will consider the totality of the circumstances. *Davis v. State*, 318 Ark. 212, 885 S.W.2d 292 (1994). The burden of showing prejudice is on appellant. *Id.* When a request for continuance is predicated on an alleged lack of time to prepare, the appellant must specify, other than in general terms, what was not done at trial that could have been done if the continuance had been granted. *See Anthony v. State, supra.*

 Here, appellant contends that he was prejudiced because the State withdrew its agreement on the day of trial, and he had prepared his witness list relying on the State's agreement to not introduce the guns and ammunition. While it is true that the State agreed not to introduce such evidence, it did so only three days before trial. Moreover, appellant did not specify what was not done at trial that could have been done if the continuance had been granted. We further note that each of the three witnesses called by appellant testified to the fact that they had made plans with appellant to go shooting together the weekend of February 7. Thus, appellant presented testimony on the very subject about which he

claimed surprise and for which he was unprepared to present testimony. Although we recognize that the agreement was withdrawn moments before trial, on the facts of this case, we cannot say that the trial judge abused his discretion in denying the continuance.

 Appellant also argues that the trial court erred in admitting the evidence regarding his possession of guns and ammunition because they were irrelevant to the crime charged and were more prejudicial than probative. Evidence is relevant if it tends to make the existence of any consequential fact more or less probable than it would be without the evidence. Ark. R. Evid. 401. However, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403. The trial court has wide discretion on rulings concerning the admissibility of evidence, and the appellate court will not reverse such a ruling absent an abuse of discretion. *Lee v. State*, 340 Ark. 504, 11 S.W.3d 553 (2000).

 In the present case, we cannot say that the trial judge abused his discretion in admitting evidence of the ammunition found in appellant's car and the assault rifle found at his residence. Appellant had previously told Komp that he would find her husband and kill him, and he told her on the day of his arrest that if she had him arrested that would be the last thing she did. Appellant had purchased the assault rifle two days before his February 5 conversation with Komp, and he purchased the ammunition shortly after telling Komp that if she went to the police, that would be the "last thing" she did. This evidence indicates both that appellant intended to place Komp in imminent fear of the death or serious physical injury of herself or a member of her immediate family and that he had the means to carry out his threats. The fact that appellant purchased ammunition for his newly acquired assault rifle soon after making the threat was not only relevant, but we believe any prejudice was outweighed by its probative value.

Affirmed.

ROBBINS, C.J., and BIRD, J., agree.