Cite as 2022 Ark. App. 266

# ARKANSAS COURT OF APPEALS

## DIVISION II

**No.** CR-21-613

| | | |
|---|---|---|
| | | **Opinion Delivered:** May 25, 2022 |
| WILLIAM EARL KELLYBREW | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| | **APPELLANT** | [NO. 23CR-16-27] |
| V. | | HONORABLE CHARLES E. CLAWSON III, JUDGE |
| STATE OF ARKANSAS | | |
| | **APPELLEE** | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant, William Earl Kellybrew, Jr.,[1] appeals from an August 24, 2021 order of the

Faulkner County Circuit Court finding him guilty of nonsupport, a Class C felony, and sentencing

him to a term of 96 months of probation and 120 days in the Faulkner County Detention Center on

August 24, 2021. The Appellant argues on appeal that the trial court erred by denying his motion to

dismiss on the basis that he had good cause for the nonpayment of his child support. We affirm.

---

[1]The correct spelling of appellant's name is "Kellybrew"; however, his appeal is filed with his last name spelled "Kelleybrew" which is incorrect according to the spelling of his last name during his trial testimony, pro se filings in the circuit court, and in other documents of record, including a divorce decree, child-custody order, and Office of Child Support Enforcement records.

## I. *Facts*

On May 1, 2007, the appellant, William Earl Kellybrew (Kellybrew) was granted joint custody of his three minor children pursuant to a divorce decree granted to his wife, Ayisha Kellybrew-Miller,[2] filed July 6, 2007. Following their divorce, an order to modify custody was filed on November 1, 2012, which directed Kellybrew to pay child support of $600 a month.

On June 19, 2013, a contempt order was entered against Kellybrew for not paying child support. The court found Kellybrew in arrears of $2,400 as of February 28, 2013. He was then ordered to pay $120 monthly in addition to the previously ordered $600 a month.

On January 11, 2016, Kellybrew was charged with failure to pay child support without just cause due to an arrearage totaling more than $10,000, but less than $25,000, as of November 10, 2015, which is a violation of Ark. Code Ann. § 5-26-401(a)(2) (Repl. 2013) and is a Class C felony pursuant to Ark. Code Ann. § 5-26-401(b)(2)(B).

Subsequently, a bench hearing was held on August 24, 2021.[3] At trial, the State introduced records, including a divorce decree, and a child-support order. The State then presented testimony of two witnesses: an employee of the state Office of Child Support Enforcement (OCSE), who was assigned to Kellybrew's case; and his former spouse. The OSCE caseworker testified that Kellybrew was initially ordered by the court to pay child support for his three children, beginning on November 1, 2012, in an amount of $600 a month. The State introduced OSCE payment records, and as of

---

[2]Now Ayisha Canant.

[3]Kellybrew waived a jury trial in 2021, after several years of continuances, as well as delays caused by a failure to appear and the withdrawal and substitution of defense counsel.

November 10, 2015, Kellybrew had made only three payments. The OSCE caseworker testified that Kellybrew had not made a child-support payment before March 19, 2014, when he paid $275. He made a $1,200 payment on May 21, 2015. Those payments, totaling $1,475, were the only ones Kellybrew made before the OCSE referred this case for criminal prosecution due to an accrued arrearage of $20,125.

Next, Kellybrew's former spouse testified that she and Kellybrew had three children before their divorce in 2007. She testified that, after Kelleybrew was ordered to begin paying $600 a month for child support in 2012, she never received any payment outside of what OCSE collected.

Next, Kellybrew testified on his behalf. Kellybrew conceded that his child-support-payment obligation began on November 1, 2012, and that he did not make a single payment until March 19, 2014. Kellybrew also agreed that he made only three payments totaling $1,475 as of November 10, 2015, before the nonsupport charge was filed. He agreed that the $600 per-month obligation amounted to $21,600 as of November 10, 2015. Kellybrew was unsure of his employment situation between November 1, 2012, and March 19, 2014, but believed he had been working part time. He stated, "I was in-between jobs and just doing some odd work [and I] [t]hink that I had already left Acxiom [and] I'm not sure." He testified that he suggested paying $600 a month, but only did so "just so I could see the kids." Kellybrew testified that he believed he was unemployed the entire year of 2012.

On cross-examination, however, Kellybrew testified that he had been the operations leader at Acxiom Corporation. He said he started in "'92 through 2000, maybe 2001." Kellybrew said his salary was around $45,000 "maybe." He stated that he started a business after he left, an Exxon convenience store, around two years, from 2001-ish to 2003-ish. He testified that there was a gap

3

because he went back to school and achieved his bachelor's degree in business and an MBA. Kellybrew stated that he did not receive a salary when he owned Exxon and he did not file bankruptcy for Exxon but sold it. Kellybrew added it was a "handover," and no money exchanged hands. Kellybrew also could not say how much the business was worth because he, "signed over his rights" to the next owner.

Next, he testified that he worked for Oxford Learning in 2011, which lasted for a year and a half or two years, making "probably around [$]24,000." He testified that he could not recall any of the work he did between 2003 and 2011, stating, "I don't know [and] [t]hat's such an extended amount of time." He stated that after Oxford Learning, he went to work for Alltel, where he was a data analyst and made "[r]oughly, about [forty-five thousand dollars]." Although there were "'several months in-between" his employment at Oxford Learning and Alltel, Kellybrew testified that he worked at Alltel for three to four years, until around 2016. After Verizon bought Alltel, he stayed at Verizon for "another year or so."

On re-direct, Kellybrew testified that throughout the time the State had charged him with failing to pay support, "I wasn't working full-time [and] I was working a little bit of construction for a family or, I guess, my ex-wife's, you know, construction company." Kellybrew also asserted that, although he had no other children to support, he was trying to support himself and make a house payment, which "was [$]1,200 or something."

At the close of all the evidence, Kellybrew's counsel moved to dismiss and noted that "Mr. Kellybrew made an effort and that his financial situation, the problems with employment, he had just cause" for not paying child support. The trial court denied the motion. The court then found Kellybrew guilty of nonsupport, a Class C felony. Crediting his payments, the court found that his

4

arrearage was $20,125 as of 2015. In recognizing Kellybrew's explanation as to the lack of payment and lack of compliance with his child-support obligation, the court found that "the defendant's testimony as [to] his situation both in life and in employment . . . was determined to be "unpersuasive and lacking detailed credibility." Kellybrew was convicted and sentenced to 120 days in jail, placed on probation for eight years, and ordered to pay restitution in installments over that eight-year period in the amount of the child support arrearage, $18,823.12, along with costs, fees, and a fine, the latter of which was suspended conditioned on successful completion of restitution and probation. Kellybrew timely appealed from the sentencing order filed on December 8, 2021.

II. *Issues on Appeal*

A motion for dismissal in a criminal case is a challenge to the sufficiency of the evidence.[4] The test for determining the sufficiency of the evidence is whether substantial evidence, direct or circumstantial, supports the verdict.[5] In determining whether a finding of guilt is supported by substantial evidence, the appellate court reviews evidence in the light most favorable to the verdict.[6]

Arkansas Code Annotated section 5-26-401(a)(2) (Repl. 2013) provides that a person commits the offense of nonsupport if he or she fails to provide support to a legitimate child younger than eighteen years old. Nonsupport is a Class C felony if the person owes more than $10,000, but less than $25,000, in past-due child support, pursuant to a court order or by operation of law.[7] Section 5-26-401(g) provides that it is an affirmative defense to prosecution of nonsupport

---

[4]Dye v. State, 70 Ark. App. 329, 17 S.W. 3d 505 (2000).

[5]Smith v. State, 68 Ark. App. 106, 3 S.W.3d 712 (1999).
[6]*Willingham v. State*, 60 Ark. App. 132, 959 S.W. 2d 74 (1998).

[7]Ark. Code Ann. §5-26-401(b)(2)(B).

that the defendant had just cause to fail to provide support. In the context of the criminal nonsupport statute "just cause" means the inability to pay.[8] The burden is on the defendant to prove "the inability to pay," which has not been brought about intentionally and willfully.[9]

Here, determining "just cause" is a factual question for the fact-finder to resolve. The court heard evidence from Kellybrew that he was financially unable to pay as ordered by the trial court; due to sporadic employment and the demands of paying a mortgage and taking care of his own financial needs. However, the court found that "in weighing Kellybrew's testimony as to his situation both in life and in employment, his testimony was unpersuasive and lacking detailed credibility". It is well settled that this court defers to the trial court's superior position on questions of credibility and the weight to be given testimony in determining the preponderance of the evidence and is bound by those determinations.[10] Thus, we find no error in the trial court's denying Kellybrew's motion to dismiss.

Furthermore, Kellybrew conceded that he had failed to comply with his monthly payment obligation and that he had made only a few payments totaling $1,475 of the $21,600 total obligation owed as of November 10, 2015; he also testified, although he appeared to be uncertain, that he had been employed at least some of that same time, during which he was being paid approximately $45,000 a year. Accordingly, we cannot say that the trial court erred in rejecting Kellybrew's argument that he had "just cause" for the nonpayment of his child-support obligations.

---

[8] *Nelke v. State*, 19 Ark. App. 292, 720 S.W.2d 719 (1986).

[9] *Woodberry v. State*, 35 Ark. App. 129,133, 811 S.W.2d 339, 341 (1991).

[10] *Rhoades v. State*, 2010 Ark. App. 730, at 3, 379 S.W.3d 659, 661.

Affirmed.

ABRAMSON AND KLAPPENBACH, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.